Curia, per

Butler, J.
The grounds of appeal in this case would go to question the authority of the case of Sims vs. Davis, (Cheves’ Rep. 1.) The well considered judgment in that case received my entire approbation and concurrence when it was pronounced, and instead of my confidence in the soundness of its views being diminished, it has been confirmed by trial and examination. My instructions to the jury, in the case under consideration, were in conformity with, and but illustrative of the general principles which that decision maintains. I held that a right of way, by prescription, implies an adverse use of it for twenty years, and is founded on the presumption of a grant in its origin. The party using the way must do so, as though he was exercising a right of property in himself, uncontrollable by the owner of the soil over which it runs. A supposition of right is irreconcilable with such circumstances as would indicate a recognized permission of the owner, or an acquiescence in the right to stop the way at his pleasure. When lands are enclosed, or otherwise specifically appropriated, any encroachment on them will be soon known and promptly resisted. A way could not be well used over such lands, without the knowledge of their owners ; and when it has been respected and preserved for twenty years, its right is in some degree conceded — at least, the use for such a length of time, of such a way, might be regarded as adverse, and sufficient to presume a grant. On ⅛® contrary, where the way *runs entirely through wild and unappropriated forest, no such presumption could naturally arise. The owner of the land might not know of the existence of the way, or having no immediate use for the land, might have no inducement to oppose the use of it. His acquiescence, in such case, is founded on the assumption of all concerned, that he can appropriate the land whenever he might think proper to do so. Persons travel and use such a way under an implied, but revocable license, and regard it a mere convenience to be enjoyed at sufferance, without ever thinking of a right in themselves.
These views authorize this conclusion, that the use of a way for twenty years, through enclosed ground, implies that it is adverse; but when it runs entirely through unappropriated forest it is merely permissive. In the first, there is a presumption of a grant which cannot be resisted but by proof to rebut it; in the other, this presumption does not exist, but by some evidence to raise it. On the trial of this case, by way of illustrating my views to the jury, I said that a presumption of a right of way by prescription was diminished by the fact that many, under the same circumstances, travelled the way, and that it passed over several tracts of land owned by different proprietors — for in such a case, many contracts would' have to be presumed. Minors might, peradventure, own some, and as their lands could not be taken from them, by twenty years possession, acquired during their minority, no one could acquire a right of way, in them, under such circumstances. The exception taken to *217 these remarks, (for they can only be regarded as remarks,) can avail the appellant nothing. The case authorized them, and they served but as illustrations of the views of the presiding Judge, in his instructions to the jury.
Thompson and Smith, for the motion. G. Williams, contra.
We think the facts of this case fully sustain the verdict of the jury. The way claimed, seemed to have been turned and changed by defendant whenever he had occasion to clear his land. It had lost its identity by the repeated acts of defendant, without any assertion of right at the time, on the part of the plaintiff, or those under whom he claims.
The motion is dismissed.
The whole Court concurred.