The opinion of the Court was delivered by
Frost, J.
The Court is satisfied from the full report of the testimony in this case, that the jury attained a just conclusion when they found a verdict for the plaintiff; and that the damages are no more than a proper reparation to the plaintiff for the wrongs and injury committed by the defendants. It is therefore only necessary to consider the objections made, by the grounds of appeal, to the charge of the Circuit Judge on points of law.
The jury were instructed, that the mere use of a road over unenclosed woodland could not confer a right of way, as a neighborhood road or private path, unless the use was shown to have been adverse; that is, accompanied by such acts as showed that the way was claimed as a right, and not used by the permission of the owner of the land over which it passed ;— such, for instance, as working on it, keeping it in repair, requiring those who interfered with it, by fences, to open another way convenient to the public ; or by other facts and circumstances which showed a concession of the way by the owner of the soil.
*400 Public roads of any kind, can be established only by public authority; or by dedication ; or by long use, which though not strictly prescription, bears so close an analogy to it, that it may be expressed by that term. Less than twenty years’ use is insufficient to create either a public or a private road. The same period of prescription is applied to both kinds. From a use for that period of time, a grant may be presumed. The presumption of a grant is founded on the acquiescence of the owner of the land in the exercise, by the public or by an individual, of a privilege inconvenient or injurious to the owner, or inconsistent with his exclusive right of property. A neighborhood road differs in its use from a private right of way in this only, that more persons pass along it. The track of the road is not generally of greater width ; and the prejudice to the owner by the appropriation of a part of his land for the road, and all other incidental inconveniences, attend upon a neighborhood road not less than upon a private right of way. If the injury or inconvenience be greater in the case of a neighborhood road than of a private way, that is an argument why stronger evidence should be required of the owner’s acquiescence. When, therefore, in either case, the use of the way is the evidence from which a grant is to be presumed, the same evidence should be required in both cases.
As the presumption of a grant of way by the owner of the land, arises from the exercise of a privilege adverse to his right of property, and from his acquiescence in the exercise of the privilege, the presumption will not be supported, if the use of the way does not impinge on his rights, nor conflict with his enjoyment of his property. A distinction must therefore be observed, between the claim of a way through enclosed and cultivated land, and of a way over unenclosed woodland. In the former case, the mere use is an invasion of property, and a trespass ; and acquiescence or submission to the exercise of a privilege, under circumstances which make it actionable, may justify the inference of a legal right in the person who exercises the privilege. But when the way passes over woodland, those who *401 travel it commit no trespass, (at least not until after notice to desist,) and subjects the owner to no loss or inconvenience. To prohibit them would be considered churlish ; and would bo ineffectual, unless a constant watch was kept to prevent them. And to require the owner to secure his land against an adverse claim, by a use not actionable, of a way over it, would to that extent, exclude his property from the protection of the law.
With respect to private rights of way, the law is well settled that no presumption of the grant of them can arise, without proof of circumstances to show that the irse of the way was adverse. In Rowland vs. Wolfe, and McKee vs. Garret, 1 Bail. 56, 341, it was held that lapse of time, alone, is not sufficient to afford the presumption of a grant of way. The use must be adverse to the owner of the land. Merely passing over uncultivated and unenclosed forest, which is common to every one, cannot, by any lapse of time, give a right to any individual. These cases do not decide that, in no case, can a prescriptive right of way be acquired over woodland. In neither case were there any circumstances to give an adverse character to the use of the way. In Sims vs. Davis & Tygart, Cheves, 1, it is affirmed, as in Rowland vs. Wolfe, that no right of way can arise from the mere use of a road over woodland; unless, it is added, there be some assertion of ownership by the claimant, or some act of the owner of the soil showing an admission that the claimant had a right. In Hogg vs. Gill, 1 McM. 329, the rule is well stated by Butler, J. The use of a way, for twenty years, through enclosed ground, implies that it is adverse; but when it runs entirely, through unenclosed forest, it is merely permissive. In the first, there is the presumption of a grant, which cannot be resisted but by proof to rebut it; in the other, this presumption does not exist, but by some evidence to raise it. An examination of all our cases, will show that this rule has been uniformly observed.
In Nash vs. Peden, 1 Spear, 20, Judge Evans says, in relation to private paths or neighborhood roads, he can see no reason why the public may not claim by prescription, in the same *402 way as individuals; but the evidence of right, arising from prescriptive use, ought perhaps to be of the same adverse character as in the case of a private way. And, again, in Prince vs. Wilbourn, 1 Rich. 58, he says, he can see no reason why the use of a public way may not be permissive, as well as the use of a private way.
In the State vs. Sartor, 2 Strob. 60, circumstances were shown which might give an adverse character to the use. The jury were instructed that, as in the case of a private way, the mere use of a neighborhood road over woodland would not give a right; that the use must be adverse; accompanied by acts which show the way was claimed as a right, and not by the permission of the owner. On appeal from these instructions, the motion for a new trial was dismissed. In that case, the Judge who delivered the opinion of the Court does say, — “ I think there is a great difference as to the evidence from which a dedication to public use may be presumed, and prescription for a private right of way. In the latter, no such right can arise in woodland without some unequivocal act of adverse right, such as cutting out the road or repairing it. But in the case of a public way, if it is found to exist long enough to presume a dedication, the right to regard it as public, if its other characteristics be found, is made out.” With great deference to the opinion of the learned Judge who delivered the opinion of the Court, the distinction does not seem to be tenable. A way is dedicated to public use, when, by the act of the owner of the land, the way is laid out and opened to the public. This may be done with or without any formal instrument of cession. The dedication, however, is not complete until the way is accepted by some public authority, or by the public use of it. State vs. Carver, 5 Strob. 267. If a private path is laid out by the owner for the public use, and is accepted by the commissioners of the roads, the dedication is immediate and notorious ; and no time nor presumption is necessary to confirm it. When there is no evidence of dedication by the act of the owner, and a private path is *403 claimed after twenty years’ use, the right of way must be supported by the presumption of a grant or dedication. No right of way, by use, can be acquired without the consent or contrary to the publicly declared intention of the owner of the land. If the owner of land should lay out a street or road, and by erecting a bar or gate across it, should signify his intention to exclude the public from the use of the way, that would debar the public claim. And the use of a way, for any number of years, during a term, cannot give any right against the owner, after the term is expired. Woody er vs. Hadden, 5 Taunt. J 26. Whether the way be claimed by the presumption of a grant or of a dedication, proof of circumstances, in either case, from which the consent of the owner can be inferred, must be produced. The evidence which may be deemed necessary or sufficient to support the inference of the owner’s consent to a private path over his land, must be the same, whether the act to be presumed be a grant or a dedication by the owner.
The presumption of a grant of way should be restrained by rules of evidence which may prevent its insiduous operation. Too often a use commenced and continued in courtesy, after the expiration of the prescribed time is claimed adversely, and judicially established as a right. It is only a reasonable security to the land-owner that he should be apprised of an adverse claim of a way over his land, before the use has matured into a right; whether the way claimed is a neighborhood road or a private way. No reason can be assigned why, in this respect, any distinction should be made between them.
Mere disuse of a way, for twenty years, affords the presumption of the extinguishment of a right of way; without any act of resumption by the owner of the land over which the way passed. 3 Kent Com. 453. But even if, in addition, some act of the owner, adverse to the existence of the right, were necessary, very effective acts for the extinguishment of the right of way, in this case, wore done by Corbett, when he flowed the road fifteen years before the trial of the case, and by Mrs. John *404 son, who had seventeen or eighteen years before, enclosed and cultivated the pathway.
The motion is refused.
Wardlaw, Withers and Whitner, JJ., concurred.
Glover, J., had been counsel for the plaintiff.
O’Neall, J., was absent at the hearing.

Motion refused.