**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

W. Peter Buyck, Jr., Respondent,

v.

William C. Jackson, Appellant.

Appellate Case No. 2012-212463

———————

Appeal From Calhoun County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-082
Heard January 7, 2014 – Filed February 26, 2014

———————

**AFFIRMED**

———————

William E. Booth, III, of Booth Law Firm, LLC, of West Columbia, and James B. Richardson, Jr., of Columbia, for Appellant.

Andrew Carl English, III, Mary Dameron Milliken, and, George Albert Taylor, all of Callison Tighe & Robinson, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** This appeal arises from the circuit court's determination that Respondent Peter Buyck, Jr. established a prescriptive easement on a road ("the

Red Road") located on Appellant William Jackson's property.  On appeal, Jackson argues the circuit court erred by: (1) refusing to presume the use of the Red Road was permissive pursuant to the unenclosed woodlands rule; (2) finding Buyck established a prescriptive easement; (3) determining the easement was appurtenant, not in gross; and (4) finding Buyck may authorize the use of the Red Road to anyone he choses.  We affirm.

1.  Evidence in the record supports the circuit court's finding that Jackson's property is not unenclosed woodlands.  Therefore, the circuit court did not err by refusing to presume permissive use pursuant to the unenclosed woodlands rule. *See Crossmann Cmtys. of N.C., Inc. v. Harleysville Mut. Ins. Co.*, 395 S.C. 40, 46-47, 717 S.E.2d 589, 592 (2011) ("In an action at law tried without a jury, the appellate court will not disturb the trial court's findings of fact unless there is no evidence to reasonably support them." (internal quotation marks omitted)); *Hutto v. Tindall*, 40 S.C.L. (6 Rich.) 396, 400 (1853) (noting a distinction "between the claim of a way through enclosed and cultivated land, and of a way over unenclosed woodland"); *id*. at 401 (explaining the use of a way for twenty years through unenclosed and uncultivated woodlands is merely permissive, but when the road runs through enclosed and cultivated land, the use is implied to be adverse); *Hogg v. Gill*, 26 S.C.L. (1 McMul.) 329, 332 (Ct. App. 1841) (providing the purpose of the unenclosed woodlands rule is to put the landowner on notice because "[t]he owner of the land might not know of the existence of the way, or having no immediate use for the land, might have no inducement to oppose the use of it"); *Darlington Cnty. v. Perkins*, 269 S.C. 572, 576, 239 S.E.2d 69, 71 (1977) (finding the unimproved and unenclosed woodland rule is inapplicable when the disputed property is improved land).

2.  Evidence in the record supports the circuit court's determination that Buyck established a prescriptive easement by adverse use and a claim of right.  *See Crossmann*, 395 S.C. at 46-47, 717 S.E.2d at 592 ("In an action at law tried without a jury, the appellate court will not disturb the trial court's findings of fact unless there is no evidence to reasonably support them." (internal quotation marks omitted)); *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 419, 633 S.E.2d 136, 141 (2006) ("To establish a prescriptive easement, the party asserting the right must show: (1) continued use for 20 years, (2) the identity of the thing enjoyed, and (3) use which is either adverse or under a claim of right.").  Specifically, evidence supports a finding that Buyck's use was adverse because it was open, notorious, continuous, and uninterrupted.  *See id.* ("When the claimant has established that the use was open, notorious, continuous, and uninterrupted, the use will be presumed

to have been adverse."). Further, the totality of the circumstances of Buyck's use of the Red Road establishes the use was based upon a claim of right. *See Hartley v. John Wesley United Methodist Church of Johns Island*, 355 S.C. 145, 151, 584 S.E.2d 386, 389 (Ct. App. 2003) (providing a party claiming a prescriptive easement under a claim of right "must demonstrate a substantial belief that he had the right to use the parcel or road based upon the totality of the circumstances surrounding his use" (emphasis omitted)).

3. As to whether the prescriptive easement is appurtenant or in gross, we recognize there is conflicting evidence in the record as to whether an alternative road provides access to Buyck's property. However, based on our review of the preponderance of the evidence, we find the Red Road is necessary for Buyck's enjoyment of his property. Therefore, we affirm the circuit court's determination that Buyck's easement is appurtenant. *See Rhett v. Gray*, 401 S.C. 478, 492, 736 S.E.2d 873, 880 (Ct. App. 2012) ("Determining whether an easement is in gross or appurtenant is a question in equity because it involves the extent of a grant of an easement."); *Proctor v. Steedley*, 398 S.C. 561, 571, 730 S.E.2d 357, 363 (Ct. App. 2012) ("Therefore, on appeal of such a determination, this court may take its own view of the preponderance of the evidence."); *Ballington v. Paxton*, 327 S.C. 372, 380, 488 S.E.2d 882, 887 (Ct. App. 1997) (providing an "appurtenant easement must inhere in the land, concern the premises, have one terminus on the land of the party claiming it, and be essentially necessary to the enjoyment thereof"); *Smith v. Comm'rs of Pub. Works of City of Charleston*, 312 S.C. 460, 467, 441 S.E.2d 331, 336 (Ct. App. 1994) ("[E]asements in gross are not favored by the courts, and an easement will never be presumed as personal when it may fairly be construed as appurtenant to some other estate." (citing 25 Am. Jur. 2d *Easements & Licenses* § 13 (1966))).

4. We disagree with Jackson's characterization that pursuant to the circuit court's order, "anyone and everyone in the world" may use the Red Road. Although the circuit court's language at the end of the order allows Buyck and those "to whom he grants permission" to use the Red Road, we find the order, when read as a whole, narrows who may use the road and for what purpose. Specifically, the order defines the scope of the easement as those who performed certain activities during the prescriptive period. Based on the entire order, the circuit court properly restricted the use of the Red Road to the use that was established during the prescriptive period. *See Burrell v. Kirkland*, 242 S.C. 201, 207, 130 S.E.2d 470, 473 (1963) (explaining the extent of a prescriptive easement is the use that established the easement); 28A C.J.S. *Easements* § 233 (2013) ("Once established,

the owners of a prescriptive easement are limited to the use and frequency of use that was established during the prescriptive period.  The scope of a prescriptive easement is determined by the scope of the use that established the prescriptive right. . . ." (footnote omitted)).

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**