Mr. Justice Nott
delivered the opinion of the court:
Cases of this description have not frequently occurred in this state. The law, Í think, has not therefore been well understood, and in the cases which we have had before us, has not been laid down with that precision which the importance of the subject requires. The cases appear to be multiptyiug ; and, from the prospect before us, will not in future be unfrequent. It has therefore become important that the general principles by which they are to be governed should be known, and more distinctly expressed than they have been hitherto. A right of way may arise in three ways:
First, from necessity.
Secondly, by grant.
And thirdly, by prescription. (2 BlacJsstone’s Com. 35-6. 3 Comyn’s Digest, 56. 1 Saunders, 323 a.)
A fight of way from necessity, is where a man having several tracts of land, sells one which is surrounded by the others, having no way of ingress and egress but through one of those reserved. So, even if he reserve the tract in the middle for himself, he is entitled to a way through necessity. (Perman vs. Wead, 2 Massachusetts Rep. 203. 6 Jacob’s Law Dictionary, 415. Howton vs. Frearson, 8 Term Rep. 50.) So, where a part of a man’s land is taken from him by operation of law, as under a sale by execution, leaving him no:way of egress, the law will allow him one from necessity ; (Perman vs. Wead, 2 Massachusetts Rep. 208.) It is indeed, said, that what is usually called a right of way from necessity, is- by grant; because where a thing is granted, the law implies a grant of every thing necessary to the enjoyment of it ; (1 Saunders, 323, Pomfrit vs. Ricroft. 5 Rep. 12 Saunder’s case. Howton vs. Frearson, 8 Term Rep, 50. 6 Jacob’s Law Dictionary, 465.) But still, I think, the three-fold distinction above mentioned, may be *448 preserved, because it is from the necessity of the thing that the law implies a grant. To establish such right, nothing is required but to show the necessity. Neither time nor occupation are necessary. If the necessity has existed hut for a day, the claim is as well founded as where it has existed for half a century ; and although the right may never have been enjoyed, yet its existence will be co- extensive with the necessity. ■ But there must be an actual necessity and not a mere inconvenience to entitle a person to such right. One man is not required to subject himself to an inconvenience, and much less to an actual loss, for the accommodation of another. I do not mean to say that there must be an absolute and irresistible necessity ; an inconvenience may be so great as to amount to that kind of necessity which the law requires, and it is difficult and perhaps impossible to lay down with exact precision the degree of inconvenience which will be required to constitute a legal necessity. It is apparent, however, that no such necessity existed in this case. The plaintiff has a navigable water course from his door to the public road or high way, by which the distance is not greater than by land ; and although there may be some inconvenience in being obliged always to go by water when he visits his plantation, yet it is not greater than necessarily attends every insular situation, and perhaps not so great to him as it would be to his neighbour to keep up a lane through his plantation for his accommodation ; and even if it were greater, it was one of which he was aware when he purchased, (or those under whom lie claimed,) and may, therefore, be considered of his own creation. But. if an island has certain inconveniences, it has its conveniences also. The convenience of transporting produce to market by water is not inconsiderable ; it furnishes an exemption from bad neighbours, from the depredations of servants, horses, cattle, &e. which eonr.titute a great portion of the “ miseries of human life.” The plaintiff, therefore, is not entitled to a right of way over the defendant’s land from necessity, (6 Jacob’s X. Biel. 415.)
*449 The second method of claiming a right of way' is by-grant ; that is, by special permission of the owner of the soil. Such right must be established by the production of the grant itself, or, iflostor destroyed, by secondary proof, according to the ordinary rules of evidence. This, like the right by necessity, “ derives no strength from time or occupation.” A grant of yesterday is of equal validity to one of a century past; and even though the way may never have been enjoyed, the grant is conclusive of the right. In this case, no grant was pretended ; no proof of one was offered. The plaintiff, therefore, was hot entitled to recover on that ground.
3rd. The third and last method of entitling a person to a right of way is by prescription. A title by prescription differs from a title by grant in this, that use and occupation are substituted in the p’ace of g grant ; for prescription always presupposes a grant to have existed, and to be lost or destroyed by time or accident, (5 Jacob’s Law Diet. 376. 6 Do. 415.J
Three things appear to be necessary to establish a right by prescription.
1st. Use and occupation or enjoyment.
2nd. The identity of the thing enjoyed ; and
3rd. That it should be adverse to the right of some other person.
With regard to the first — -as prescription is allowed only to supply the loss of á grant, it is obvious that the use and enjoyment must be continued and uninterrupted. The definition of prescription is “ a title acquired by use and time, and allowed by law (5 Jacob’s Law Diet. 273. Co. Lit. 113.J Possession, Lord Coke says, must have three qualities ; it must be long, continued and peaceable; or prescription is where from continuance of time ultra 'tnemoriam hominis, a particular person has a particular right against another ; (5 Jacob’s Law Diet. 273.) But by modern adjudications, the use and exercise of a right for a time much within the memory of man,have been allowed to furnish the presumption of a grant *450 Twenty years appear now to be the settled rule in Éngland ; (Campbell vs. Wilson, 3 East, 300. Read vs. Brookman, 3 Term Rep. 157. 6 East, 214.) 'An idea’ ias prevailed that the same rule had been adopted in this state ; though I do not know of any case where such a tule has been distinctly laid down. In the case of Hill and McClure, (2 Constitutional Decisions, 424,J it was held that a grant might be presumed from an uninterrupted possession of thirty years ; and it is probable that a áhorter period than twenty years would not be thought-sufficient to authorize such a presumption. Now with regard to the present case, although it appears that Little-john had possession of Long Island more than twenty years before the commencement of this action, yet it was not very satisfactorily proved, how long he continued there, nor vvhen his successor took possession, nor whether his possession was continued or broken, nor how hear the present plaintiff used the road or path in question. The testimony on all these points was too weak and equivocal, to authorize a jury to take the land ot one man and appropriate it to the use of another.
2nd. The second question is, was the road sufficiently identified ? To entitle a person to a right of way by pre-. scription, he must show that he has always used the same. way without change or variation. It must not, as is said in Alban vs. Browsal, ( Yelverton 163, ) be in one place hodie and another eras; and that is one of the characteristic differences between a right of way, arising from necessity, and one by prescription. In the former, the party may plead that he had assigned another, because the law only allows one in such case, a right of egress and ingress ; but it need not always be by the same way. The party claiming the right has no cause to complain, so a convenient way be assigned'him even though it vary eveiy day. It is not so with regard to a way by prescription:; for as it is to be established by timé and use, and must be d‘ continued, long, and peaceable if it wants any of' these, it fails in the essential ingredient of its existence *451 j(1 Comyn’s Digest, 885.) The evidence on the part" of .the plaintiff was very deficient on this point. During the time Mrs. Stent owned this plantation, where the defendant now lives, she fenced up the way whenever she pleased, without hesitation ; yet no murmur or complaint was heard. Persons travelling that way, when on foot, submitted to the inconvenience of climbing the fence and goring through the field ; and when on horseback “of picking their way5’ round the fence in the best manner thejr could. The owner of the land, thus continued tp change her fields at her arbitrary will and pleasure, and this road or path varied with every change of the fence. I do not mean to say that, every immaterial change of a road ought to be construed into a destruction of its identity. On the contrary, I think that in that respect, regard ought to be had to the situation of the country and the habits of the people. Many of the roads in this state have been established by accident, and grown up from what were originally, neighborhood paths, leading from place to place and extended as population increased, and the intercourse be-r tween the inhabitants rendered it necessary. Some have been entirely discontinued, and others more convenient, substituted. Continual changes are still going on as new •settlements are formed and new towns and villages established. In a country like this, where a great portion of the land is still uncultivated and uninclosed, such changes are not only necessary, but tend to the improvement of the country. Something of the same sort, I should pre-i sume, might be allowed in a private way without destroying a prescriptive right. Changing a road between any two given points merely for the purpose of straightening # fence, or for the convenience of the parties, so that the W{xy is still kept open from one place to the other, I should not consider as destroying its identity. But the entire oN struction of a way by one party without laying olf any other, and without the acquiescence of the other party? could hardly be considered as coming within the principle. At least, it will always form a question which should *452 be distinctly submitted to a jury, whether the exercise of ownership over the way was such as to repel the idea of a right in any other than the owner of the soil.
3d. The third requisite to a right by prescription is, that the use should be adverse to the owner of the soil j (Campbell vs. Wilson, 3 East, 294.) It has been decided in this state, that as long as lands remain open and uninclosed, every person may, of common right, pass them, hunt upon them, &c. And it is within our ■daily observation, that as long as lands remain in that situation, they are considered as common for those purposes. ¿Such a use caiinot be considered adverse, whatever length of time it may polrdñuej~and Therefore can furnish no evidence cif right; and such appears to have been the situation of the land in question ; at least a part of the time. — ■ Goat Island was. not cultivated nor inhabited, except by wild goats, horses■ cattle. Some people went there for the purpose of’catching goats, and others to drive their horses and cattle to the island for pasture. The defendant’s plantation was then an‘ open thoroughfare, through which every one passed without consent or molestation. If the defendant, or those under whom he claimed, ever had an exclusive use, jt' does not appear when it commenced, how long it continued, or in what manner it was enjoyed. I have already remarked ' that the law on this subject has not, in my opinion, been very well understood in this state. The distinction between the different methods of acquiring a right of way has not been attended to, and evidence applicable to one, has been confounded with that only applicable to the other ; and there is reason to believe that the parties went into the trial of this case without that distinct view of the principles by which the ease ought to be 'governed, that was necessary to a due investigation of its merits. The evidence in relation to some of the important features of the case is too defective to enable us to draw any correct conclusion from it. The *453 court therefore think it a fit case for the consideration of another jury, and a new trial is accordingly granted.
Simons S¡' Priole.au, for the motion.
Hayne 4* Hunt, contra.
Justices Huger and Johnson, concurred.