15607

STEELE v. WILLIAMS

(28 S. E. (2d), 644)

Septem-ber, 1940.

*Mr. H. P. Burbage* and *Mr. B. A. Morgan,* both of Green-ville, S. C., Counsel for Appellant,

*Mr. W. B. McGowan,* of Greenville, S. C., Counsel for Respondent,

January 7, 1944.

CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, delivered the unanimous Opinion of the Court:

In this action the appellant seeks to permanently enjoin the respondent from obstructing an alley that runs between their respective properties.

Appellant in his complaint alleges in substance that he is the owner of a certain lot of land and that in connection therewith he is legally entitled to the free use of egress and ingress of the alley or driveway adjoining said lot. And, further, that under the terms of the deeds in his chain of title that he has an easement in said driveway, and that said easement is appurtenant to his property, and is necessary to the enjoyment of said property.

The respondent by her answer admits the existence of the driveway but denies that the appellant has any right or easement in and to the said driveway. She contends that the easement created by and between herself and one Florence S. Smith was an easement in gross and that the said Florence S. Smith, appellant's predecessor in title, could not convey any rights in and to said driveway since her right to the use of said driveway was an easement in gross, and that she could not by any act or deed convey or transfer her right to use said driveway or alley to another person.

There is no material dispute as to the facts in this case. In 1919, the respondent and Mrs. Florence S. Smith owned two adjoining lots of land facing on Vardry Street in the City of Greenville and extending back to Arlington Avenue. The side line of the Smith lot also ran along Anderson Street so that the Smith property butted on three streets. In March, 1919, the respondent sold the rear portion of her lot which faced on Arlington Avenue to Mrs. Smith. A driveway was then established by respondent and Mrs. Smith across their respective property, said driveway running from Anderson Street westwardly and ending at a dead end on the line of the lot adjoining the line of respondent's property on the west. In entering the driveway from Anderson Street one first passes over the Smith property and then over the respondent's property.

Respondent's deed to Mrs. Smith for the lot she conveyed to her gave the alley as a boundary and contains a provision as follows: "the alley above referred to is twelve feet wide and runs across the Florence S. Smith property entering into Anderson Street, its course being S. 73-30E, it being reserved for the joint use of the grantor and grantee, their heirs and assigns forever."

On the same day Mrs. Smith made a deed to the respondent conveying an easement to said driveway across her lot of land, and said deed contains this provision: "The grantor reserves the right to the joint use and easement to said alley for herself, her heirs and assigns forever."

Thereafter, Mrs. Smith cut up the rear portion of her lot, together with the rear of the lot she had acquired from respondent, into three lots facing Anderson Street. Lot No. 1 was on the corner of Anderson Street and Arlington Avenue; lot No. 2 adjoined lot No. 1 facing on Anderson Street; and lot No. 3 adjoined lot No. 2 facing on Anderson Street, with its north side bounded by the driveway or alley which is the subject-matter of this action.

In 1921 Mrs. Smith sold lot No. 3 to Mrs. Minnie Steele, the mother of appellant. Thereafter, Mrs. Steele conveyed said lot No. 3 to Russell Steele, the appellant.

In the deed of Mrs. Smith to Mrs. Steele and the deed of Mrs. Steele to the appellant, the driveway is not referred to in any way.

It further appears from the record that for some years the appellant had the use of the driveway, and that shortly prior to the commencement of this action the respondent constructed a fence on her property which obstructed appellant's use of the said driveway or alley.

There is no controversy as to the material facts of the case, and the only question raised by the appeal is whether in the exchange of deeds between the respondent and Mrs. Florence S. Smith an easement in gross or an easement appurtenant to land was created.

The cause was referred by Judge Oxner to Hon. E. Inman, Master for Greenville County, with directions to take the testimony and report his conclusions thereon both as to law and fact.

The Master's report is an able and exhaustive analysis of the law and the facts. His conclusions were that the exchange of deeds between respondent and Mrs. Florence S. Smith created easements in gross and not easements appurtenant to land, and recommended that the relief prayed for in the answer of the respondent be granted and that the appellant, his agents and servants be permanently enjoined from the use of the said alley.

To the Master's report the plaintiff excepted. The cause was then heard by the Hon. G. Dewey Oxner, Resident Judge of the Thirteenth Circuit, who by his decree of September 2, 1940, confirmed the Report of the Master and permanently enjoined the appellant from using and going upon that part of the alleyway described and mentioned in the complaint as owned by the respondent.

There are ten exceptions by appellant to the decree of Judge Oxner. In his brief, however, he makes three questions for determination: (1) Was it not the intention of the parties that the alley should be permanent? (2) Is not the defendant estopped? (3) Under all the circumstances, was a covenant running with the land, or the way appurtenant thereto?

The third question above listed is not properly before this Court. It was not discussed before the Master nor passed upon by him. It was not raised by exceptions before Judge Oxner and was not passed upon by him. It has been raised for the first time in this Court, and is, therefore, not properly before us. *Graniteville Mfg. Co. v. Renew*, 113 S. C., 171, 102 S. E., 18.

When this cause was heard by the Master and also by the Circuit Judge, the question presented to each of them for determination was whether the alley in question was created as an easement appurtenant to the land or one in gross. The plaintiff contended that it was an easement appurtenant to the land and the defendant contended that it was one in gross.

The Master after a careful analysis of the facts and the decisions of this Court held that it was an easement in gross. The learned Circuit Judge also in a well-considered decree held that it was an easement in gross. And it is apparent that this same question is the principal one for this Court to determine, for once this question is determined, the other questions become academic.

The line of demarcation between an easement appurtenant to land and one in gross has been clearly set forth by many decisions of this Court.

In *Whaley v. Stevens*, 21 S. C., 221, 224, Mr. Justice McIver speaking for the Court said: "A right of way may be in gross, or it may be appendant or appurtenant to land, and the distinctions between the two kinds of rights are very marked and important. In the former, it is

a mere personal privilege, which dies with the person who may have acquired it; while in the latter it inheres in the land to which it is appurtenant, is essentially necessary to its enjoyment, and passes with it. An essential fature of a right-of-way appurtenant is that it must have one of its termini on the land to which it is claimed to be appurtenant."

Again, when this same case of *Whaley v. Stevens* was before the Supreme Court (27 S. C., 549, 560, 4 S. E., 145, 147) we find Mr. Chief Justice Simpson saying: "The important difference between a way appurtenant and one in gross, as has already been stated, is that a way in gross is an individual right, non-transferable, and dying with the claimant. A way appurtenant, however, makes the estate to which it is attached a dominant estate and the one over which it runs a servient one, and this relation lasts as long as the estates last, and it inheres, not only in the dominant estate as a whole, but to every portion and subdivision thereof. It is a complete servitude which runs with the land. It would seem in principle, therefore, that before such an important right should be acquired by one close over another that there should be some necessity therefor, it should not be a mere matter of convenience. * * * 'ways are said to be appendant or appurtenant when they are incident to an estate; one terminus being on the land of the party claiming. They must inhere in the land, concern the premises, and be *essentially necessary to their enjoyment*'."

The Master in his Report relied primarily on the case of *Fisher v. Fair,* 34 S. C., 203, 13 S. E., 470, 14 L. R. A., 333. We agree with the Master that this case sustains the views reached by him in the instant case.

As late as *Brasington v. Williams et al.,* 143 S. C., 223, 141 S. E., 375, this Court reaffirmed *Whaley v. Stevens,* 21 S. C., 221, 223, and subsequent cases.

"An easement is either 'appurtenant' or 'in gross.' An appendant or appurtenant easement must inhere in the land, concern the premises, have one terminus on the land of the

party claiming it, and be essentially necessary to the enjoyment thereof. It attaches to, and passes with, the dominant tenement as an appurtenance thereof. An easement, or right of way, *in gross* is a mere personal privilege to the owner of the land and incapable of transfer by him, and is not, therefore *assignable or inheritable." Brasington v. Williams et al.,* 143 S. C., 223, 141 S. E., 375, 382.

The distinction between an "easement appurtenant" and an "easement in gross" has been repeatedly defined by this Court as clearly shown by the decisions above cited.

Of the facts of the case the Master found and held that neither terminus of the driveway was upon the property of the appellant; one terminus being on Anderson Street and the other dead ends at the property line of the lot adjoining the respondent's property on the West. The Master further found that applelant's lot fronts seventy feet on Anderson Street, which is a regular paved thoroughfare of the City of Greenville. These findings of fact were confirmed by Judge Oxner.

For this alleyway to be appurtenant to appellant's lot it must appear that it concerned the lot; that it belonged to it; that one terminus of it was on the lot; and that it was an essential necessity to the enjoyment of it. Under the facts of the case none of these elements of an "appurtenant easement" appear.

The fact that the deeds wherein the alleyway was created contain the words "it being reserved for the joint use of the grantor and grantee, their heirs and assigns forever," does not operate to enlarge the use conveyed so as to make it an easement appurtenant to the lot of appellant. If the elements of an easement appurtenant are wanting, as we have indicated was the case, then it follows that the easement created was one in gross, and could not be assigned or inherited. It, therefore, follows that use of the words above quoted could not and did not affect the easement

created, and could not enlarge it from one in gross to one appurtenant to land.

The appellant earnestly insists that the intention of the parties to the deeds creating the alleyway should govern, and that it was the manifest intention of both the grantor and the grantee of said alleyway that it would be an easement appurtenant to the land. It is true, as has often been held by this Court, that in the construction of a deed effect should be given to the intention of the grantor if it can be done without violating an established .rule of law.

It cannot be gainsaid that through a long and unbroken line of decisions this Court has announced an established rule of law as to what constitutes an easement appurtenant to land as contradistinguished from an easement in gross.

The fact that the words "heirs and assigns forever" were used does not and cannot change an easement in gross to an easement appurtenant to land. Even if it were admitted that the use of the words "heirs and assigns forever" connoted an intention of the parties to create an easement appurtenant to land, it would bring no advantage to the appellants. For to so do would contravene an established rule of law, and whatever may have been the intentions of the parties, it must yield to this rule of law so well established in this State. This alleyway lies wholly on the land of respondent. It touches appellant's lot only as a boundary. To hold that said alley was appurtenant to appellant's land would be to disregard well-established rules of law, and condemn land owned solely .by respondent to the perpetual use of others. Under no theory of law or justice could this, or should this, be done.

An easement is a right which one person has to use the land of another for a specific purpose. A right of way over land may arise in three ways: (1) From necessity, (2) by grant, (3) by prescription. *Lawton v. Rivers,* 2 McCord, 445, 13 Am. Dec., 741.

Appellant's lot has a frontage of seventy feet on a paved street. Certainly no necessity exists that warrants appellant's use of said alley, and there must be an actual necessity and not a mere inconvenience to entitle a person to such a right.

Three things are necessary to establish a right by prescription: (1) The continued and uninterrupted use or enjoyment for the full period of twenty years; (2) the identity of the thing enjoyed; (3) that the use or enjoyment was adverse or under claim of right. *Williamson v. Abbott,* 107 S. C., 397, 93 S. E., 15.

There was not an enjoyment or use of this alley for twenty years by the appellant or those under whom he claims. Hence, there can be no legal claim for the use of said alley by prescription.

Clearly the appellant can not claim an easement either by necessity or prescription. An easement by grant we have already discussed in what has been said relative to an easement in gross and one appurtenant to land.

All exceptions are overruled and judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE, and STUKES, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.