## 19104

Marion H. GORE, Robert E. Ambrose, Lee Rabon, Sam Lewis, Jr., and Jimmie Frye, Appellants, v. Gary SKIPPER, Jenkins Skipper, Charles Skipper, Roy Skipper, Willie Joe Baxley, Pee Dee Farms Corporation, Georgia-Pacific Corporation, Alex Alford, Hubert Alford, and Aubrey Skipper, Respondents.

(176 S. E. (2d) 569)

*Jack H. Page Esq.,* of Conway, *for Appellants,*

*Messrs. John C. Thompson,* and *Allen L. Ray of Suggs & McCutchen,* of Conway, *for Respondents,*

*Jack H. Page, Esq.,* of Conway, *for Appellants,*

September 17, 1970.

Moss, Chief Justice:

It appears from the pleadings in this case that Pee Dee Farms Corporation and Georgia-Pacific Corporation own in the aggregate approximately 30,000 acres of land located on the east side of Little Pee Dee River, near Gallivant's Ferry, in Horry County, South Carolina, and located thereon are certain fresh water lakes. Gary Skipper and others own the hunting rights on a portion of the aforesaid

premises. There are certain roads upon the aforesaid lands leading to the lakes.

This action was commenced by Marion L. Gore and others, on behalf of themselves and the general public, by complaint dated March 15, 1968, seeking an injunction enjoining Gary Skipper and others from closing the roads located upon the aforesaid premises and for monetary damages. It is further alleged that the roads in question are public roads leading to public lakes and the plaintiffs herein and the general public are entitled to the use and enjoyment of said roads and lakes as citizens and residents of Horry County and as members of the general public. It is also alleged that the general public has used said roads for more than one hundred years and that the plaintiffs have used said roads openly, notoriously and adversely for a period of more than twenty years. It is then alleged that the lessees and the owners of the lands in question have placed chains or cables across these roads, thereby obstructing the use of same by the plaintiffs and the general public. Two of the plaintiffs allege that the tires on their respective automobiles were damaged when they were using said roads as a result of spikes being deliberately placed in the ruts of said road.

The defendants demurred to the aforesaid complaint on the ground that it appeared that several causes of action had been improperly united therein. The demurrer was sustained on the ground that the complaint states a cause of action on behalf of the general public asking for a permanent injunction enjoining the defendants from barricading or closing the aforesaid roads and a cause of action for damages to the automobiles of two of the plaintiffs. In the order sustaining the demurrer the plaintiffs were accorded the right to file an amended complaint.

The plaintiffs filed an amended complaint, dated April 16, 1969, in which they alleged a prescriptive right to use certain roads located upon the lands hereinbefore referred to, and by reason of the obstructions placed across said roads, the plaintiffs have suffered irreparable injury and

damage and have been denied the use of said roads and lakes, which they have the lawful right to use, and this court should require the defendants to refrain from blocking said roads or interfering in any way with the use thereof by the plaintiffs and the general public. The plaintiffs sought a mandatory injunction requiring the defendants to remove the chains and cables which they had placed across these roads, thereby obstructing their use; the plaintiffs also ask for a prohibtitory injunction restraining the defendants from placing any further obstructions in said roads or from interfering in any way with the use and enjoyment of said roads or lakes by the plaintiffs or the general public.

The defendants, by their answers, denied the material allegations of the complaint and affirmatively allege that Georgia-Pacific Corporation and Pee Dee Farms Corporation are the owners in the aggregate of the 30,000 acres of land referred to in the complaint and that the said owners and their predecessors in title have a record fee simple title to said property and have been in the exclusive possession thereof for more than forty years. It is then alleged that the plaintiffs have trespassed upon said property by entering thereon and destroying the barricades and cables placed across the roads located upon said premises, and because of such trespasses, the owners of the land have suffered irreparable damage and have no adequate remedy at law therefor and are entitled to an order enjoining the plaintiffs from trespassing upon said lands. The owners admit the granting of hunting rights on the aforesaid premises to Gary Skipper and others.

A compulsory order of reference was granted by the court on September 10, 1969, on motion of the defendants, and over the objection of the plaintiffs, referring this cause to the Master for Horry County, for the purpose of taking the testimony and reporting his findings of law and fact. In due time the plaintiffs filed notice of intention to appeal from said order of September 10, 1969, and served upon the attorneys for the defendants a proposed case and exceptions.

The defendants, in due time, filed notice of exceptions to the proposed statement of the plaintiffs' case and submitted a proposed revised statement. Thereupon, plaintiffs' attorneys served the defendants' attorneys with a notice of motion to amend the complaint and further that the plaintiffs would move for disallowance of the proposed amended statement on appeal, made by the defendants.

This matter came on to be heard by the Honorable John Grimball, Presiding Judge, and resulted in an order, dated December 12, 1969, fixing the proposed statement upon appeal, substituting an attorney as special referee, and allowing the plaintiffs to amend their complaint, subject to the order of reference issued on September 10, 1969. The defendants, in due time, served a notice of intention to appeal from so much of the aforesaid order allowing the plaintiffs to amend their amended complaint of April 16, 1969.

The plaintiffs, by their exceptions, assert that the trial judge erred in granting a compulsory order of reference in violation of their right to a trial by jury upon the ground that the pleadings raised an issue of title to real estate.

Section 10-1402 of the Code provides for a compulsory order of reference, as follows:

"When the parties do not consent the court may, upon application of either or its own motion, direct a reference in the following cases:

"(1) In all equitable actions and of equitable issues in actions at law;"

In order to determine whether the trial judge was correct in granting a compulsory order of reference, we must consider the nature of the action stated in the complaint, whether such is a legal action or one for equitable relief. If we determine that the action is one in equity, a compulsory order of reference is proper. In *Bramlett v. Young*, 229 S. C. 519, 93 S. E. (2d) 873, we quoted from *Ogilvie v. Smith*, 215 S. C. 300, 54 S. E. (2d) 860, the following:

" 'The character of an action is determined by the complaint in its main purpose and broad outlines and not merely by allegations that are merely incidental.' *Alford v. Martin,* 176 S. C. 207, 180 S. E. 13, 15. 'Allegations not in harmony with the theory of the pleading will be considered surplusage.' *Speizman v. Guill,* 202 S. C. 498, 25 S. E. (2d) 731, 737. 'If the character of the action appears with sufficient clearness in the body of the complaint, it must control, unaffected by the prayer for relief or the intention or characterization of the pleader.' *Speizman v. Guill, supra.* While the prayer constitutes no part of the plaintiff's cause of action, *Daniel v. Conestee Mills,* 183 S. C. 337, 191 S. E. 76, 'it is an element which may properly be considered in determining the legal or equitable character of an action, and, where the complaint states facts which would support either a legal or an equitable action, the relief demanded will ordinarily determine its character.' 1 C. J. S. Actions § 54, page 1155. In *Speizman v. Guill, supra,* the Court said: 'In a case where it is material or necessary to determine which of two different remedies arising upon the same state of facts a party has elected to pursue, undoubtedly the prayer for relief may be considered at least as tending to indicate which remedy the plaintiff elected'."

In the light of the foregoing principles the question before the court resolves itself into one of construction of the pleadings.

It is admitted in the pleadings that the corporate defendants are the owners of the lands in question. The plaintiffs simply allege an easement or a prescriptive right to use the roads upon said lands. It follows that no question to title of real estate is raised by the pleadings. An examination of the complaint shows that its main purpose is to require the defendants to remove the obstructions placed across these roads and to prevent the placing of any further obstructions in said roads or from interfering in any way with the use and enjoyment thereof by the plaintiffs and the general public. It thus appears that the action is not one for the recovery

of money only or of specific real or personal property within the purview of Section 10-1056 of the Code.

We think the proper construction of the complaint leads to the conclusion that the plaintiffs do not seek any legal relief but only demand a mandatory and prohibitory injunction. We have held that an action for injunctive relief is equitable. *Atlantic and Charlotte Air Line Ry. Co. v. Victor Mfg. Co.* 79 S. C. 266, 60 S. E. 675; *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873; *Airfare, Inc., v. Greenville Airport Commission,* 249 S. C. 265, 153 S. E. (2d) 846.

The case of *Tyler v. Guerry,* 251 S. C. 120, 160 S. E. (2d) 889, was an action to determine the right to use roads which ran across defendants' land from public highway to recreational area at a river. It was alleged in the complaint that the right of the public to use such road had been acquired by prescription and it was further alleged that the defendants caused ditches to be dug across the road, preventing the plaintiffs and others from using the same. The prayer was that the defendants be enjoined from interferring with the use of the roads and the landing at the river. In the opinion of this court, we characterized the action as one in equity.

An action to restrain one from obstructing a highway, in which no damages are alleged or sought, is equitable in its nature, and it has been held that it is proper to deny the defendants demand for a jury trial therein. 39 Am. Jur. (2d), Highways, Streets and Bridges, Section 335, at page 719.

In *Smith v. Haymond,* 135 W. Va. 638, 64 S. E. (2d) 105, 26 A. L. R. (2d) 437, it was held that a court of equity may entertain a suit to enjoin interference with a right of way, the existence of which is the only matter in dispute, although there is no averment that the title of the right of way has been or is about to be, established in a prior, pending, or future action at law.

Having reached the conclusion that the action here is one of equitable cognizance, there was no error on the part of the trial judge in granting a compulsory order of reference.

The defendants appeal on the ground that the trial judge committed reversible error in permitting the plaintiffs to amend their complaint after they had filed a notice of intention to appeal and had served the case and exceptions.

A short answer to this contention is that the record does not disclose that this question was made or decided in the court below. It is, therefore, not properly before us for decision. *Guyton v. S. H. Kress & Co.,* 191 S. C. 530, 5 S. E. (2d) 295; *Crosby v. Southern Ry. Co.,* 221 S. C. 135, 69 S. E. (2d) 209.

The exceptions presented on this appeal are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.