0390

Boyd D. GRAHAM, Respondent, v. Nina S. CAUSEY, otherwise known as Nina S. Causey Keys, Appellant.

(326 S. E. (2d) 412)

Court of Appeals

*H. E. McCaskill* and *Irby E. Walker, Jr.,* Conway, *for appellant.*

*J. Reuben Long* and *Kenneth C. Inman,* Conway, *for respondent.*

Heard Dec. 11, 1984.

Decided Feb. 6, 1985.

SHAW, Judge:

The issue in this appeal is whether respondent Boyd D. Graham has an easement across land owned by appellant Nina S. Causey Keys. Graham asked the trial court to declare he had an easement by necessity over a "new road" and to enjoin Causey Keys from blocking the road. The trial court granted a temporary injunction and referred the matter to a master in equity. The master concluded an easement arose through necessity and permanently enjoined interference. We affirm.

In equity cases this court can review both the law and ■ the facts and make findings of fact in accordance with its own view of the preponderance of the evidence. S. C. Const. art. V, Sec. 5; *Lucas v. Lucas*, 279 S. C. 121, 302 S. E. (2d) 863, 865 & n. 1 (1983).

In early 1960 H. L. Causey, the common owner of the land in question, severed his 226 acre tract and deeded 2.5 acres to J. W. Stalvey. In late 1960 Stalvey sold his land to J. M. Ramsey. In 1963 Ramsey conveyed 1.1 acres to Causey Keys and in 1965 he deeded his remaining 1.4 acres to Edna Earl A. Parker. In early 1967 Parker sold her tract to Graham. Causey Keys has acquired land to the north of the 2.5 acres and James C. Causey owns the land to the east and south. To the west lies a lake. Since before 1960 an "old road" ran from the land now owned by Graham, through the land now owned by Causey Keys to Cox's Ferry Road. Graham and his predecessors in title entered and left their land through the old road until mid 1967. Causey Keys asked Graham to stop using the old road when Horry County built the new road from Graham's lot, across the eastern border of Causey Keys' property, to Cox's Ferry Road. There is conflicting testimony whether Causey Keys gave Graham permission to use the eastern edge of her land regularly or consented to the construction of the road. Nevertheless, it is clear Graham continued to use, and the county to maintain, the new road until Causey Keys erected a barricade in 1981.

The South Carolina Supreme Court has long recognized easements may arise through necessity. "From the earliest period of our judicial history the acquisition of an easement of right of way over another's land, by necessity, has been clearly recognized and protected." *Brasington v. Williams*, 143 S. C. 223, 141 S. E. 375, 380 (1927). "[T]he theory of the law is that ... where a person is at one time the owner of the servient and dominant tenements as one tract, and conveys a part thereof to another, it is his intention also to convey that which is reasonably and actually necessary for the enjoyment of the land conveyed." *Id.* 141 S. E. at 381. "[T]he legal requirements of such an easement ... are:" (1) unity of title, (2) severance of title, and (3) necessity. *Id.* 141 S. E. at 382.

In this case the first requirement for an easement by necessity is clearly met for H. L. Causey originally owned both Causey Keys' and Graham's tracts. The second requirement is also clearly satisfied because in 1960 H. L. Causey severed title to his property and conveyed one part to Causey Keys' predecessor and another part to Graham's predecessor. The question is whether the third requirement of necessity is met. Causey Keys argues it is unnecessary to imply an easement over her land because Graham can use the "J. C. Causey Road," the driveway to James Causey's residence. Causey Keys concedes the new road and the J. C. Causey Road are the only possible ways to get in and out of the Graham's land. She further concedes for fourteen years a wire fence has separated Graham's and James Causey's land.

Causey Keys' position is based on an "absolute necessity" standard. However, South Carolina requires only "reasonable necessity" to imply an easement: while the owner of the servient estate must prove more than convenience, he need not show the right of way is absolutely necessary. *Brasington*, 141 S. E. at 383; *Merrimon v. McCain*, 201 S. C. 76, 21 S. E. (2d) 404, 407 (1942); *Steele v. Williams*, 204 S. C. 124, 28 S. E. (2d) 644, 648 (1944). The fence separating Graham's tract from the J. C. Causey Road makes an easement over Causey Keys' land reasonably necessary. In *Steele* the Supreme Court held the owner of a lot facing a street had shown easement over back lots would be merely

convenient, not reasonably necessary. 28 S. E. (2d) at 648. However, in this case Graham's land is bordered not by a road, but by a lake and property belonging to others. The requirements that the necessity must have existed at the time of the grant and not have been created by the party claiming the right of way are satisfied because ever since Graham's tract was severed an easement to the Cox's Ferry Road has been necessary. *Merrimon*, 21 S. E. (2d) at 408; *Clemson University v. First Provident Corp.* 260 S. C. 640, 197 S. E. (2d) 914, 920 (1973).

Affirmed.

SANDERS, C. J. and BELL, J., concur.