22735

Bobby JOWERS, Appellant v. Richard I. HORNSBY, Respondent.

(357 S. E. (2d) 710)

Supreme Court

GREGORY, J., concurred in result and filed opinion joined by LITTLEJOHN, Acting Associate Justice.

*Jonathan R. Hendrix*, of *Hendrix & Steigner*, Lexington, *for appellant.*

*Timothy G. Driggers*, of *Driggers, Williams, Carlton & Barry*, Lexington, *for respondent.*

Heard April 8, 1987.

Decided June 8, 1987.

HARWELL, Justice:

Appellant contends that the trial court erred in concluding that appellant failed to establish an easement by necessity across respondent's land. We disagree with appellant and affirm the order of the trial court.

In 1983, appellant bought a piece of real estate in the town of Swansea. Since 1976, respondent had owned a piece of real estate which is located between appellant's land and a thoroughfare called Spring Street. There is a dirt roadway which runs from Spring Street, across respondent's land, and toward appellant's lot. There was a dispute about whether or not this road extends all the way to appellant's lot. Respondent contends that this roadway, which he chained off shortly after he purchased the lot, is his private driveway. Appellant instituted this action to attempt to establish a right to use this roadway since appellant's property does not adjoin Spring Street. Appellant further sought to enjoin respondent from obstructing appellant's use of this roadway.

The circuit court found that appellant failed to establish the existence of a public road, the acquisition of an easement by prescription, or the existence of an implied easement by necessity. On appeal, appellant argues only that he should have been granted an implied easement by necessity.

There are three elements of an implied easement by necessity. *Brasington v. Williams*, 143 S. C. 223, 141 S. E. 375 (1927); *Graham v. Causey*, 284 S. C. 339, 326 S. E. (2d) 412 (Ct. App. 1985). The attorneys stipulated that two of these three elements, unity of title and severance of this title, were present in this case. The only issue in this appeal is whether or not appellant proved the element of necessity. In South Carolina, the degree of necessity which is required is "reasonable necessity." The party claiming an easement must prove more than convenience, but he need not show that the easement is absolutely essential. *Graham v. Causey, supra.* The necessity must be actual, real, and reasonable as distinguished from convenient, but need not be absolute and irresistible. *Steele v. Williams*, 204 S. C. 124,

28 S. E. (2d) 644 (1944); *Merrimon v. McCain,* 201 S. C. 76, 21 S. E. (2d) 404 (1942); *Lawton v. Rivers,* 13 S. C. L. (2 McCord) 445 (1823). *See also* Annot., 10 A. L. R. 4th 447 (1981).

The trial court found that appellant had an alternate means of access to his property through an alleyway which is shown on the county tax map. and referred to in the deed by which appellant acquired his property. While the trial court noted that the alleyway is covered by underbrush and growth, it found that the mere inconvenience of clearing this alleyway is not a sufficient burden on the appellant to satisfy the reasonable necessity requirement.

Before we review the trial court's finding, we must determine our scope of review in this matter. It is necessary for us to ascertain whether the action below was legal or equitable in nature. There appears to be some inconsistency in our case law regarding this determination. While few cases have addressed the issue directly, conflicting implications arise from various cases. Some cases support the view that an action to establish an easement can be either legal or equitable depending on the relief sought as interpreted by the court from the "main purpose" of the complaint. *Gore v. Skipper,* 255 S. C. 18, 176 S. E. (2d) 569 (1970); *Smith v. Haymond,* 135 W. Va. 638, 64 S. E. (2d) 105 (1951). *See also Collins Music Company, Inc. v. Lightsey,* 285 S. C. 108, 328 S. E. (2d) 477 (1985).

A line of cases issued by the Court of Appeals treats the question of an existence of an easement as an equitable action. *Graham v. Causey,* 284 S. C. 339, 326 S. E. (2d) 412, (Ct. App. 1985); *Marlow v. Marlow,* 284 S. C. 155, 325 S. E. (2d) 703 (Ct. App. 1984); *Brown v. Gaskins,* 284 S. C. 30, 324 S. E. (2d) 639 (Ct. App. 1984). Many prior cases issued by this Court treat the existence of an easement as a question of law. *Merrimon v. McCain,* 201 S. C. 76, 21 S. E. (2d) 404 (1942); *Crosland v. Rogers,* 32 S. C. 130, 10 S. E. 874 (1890); *Polson v. Ingram,* 22 S. C. 541 (1885); *Lawton v. Rivers,* 13 S. C. L. (2 McCord) 445 (1823).

We hold that the determination of the existence of an easement is a question of fact in a law action. The decision of the trier of fact as to whether or not an easement exists will be reviewed by this Court as an action at law. In the case at bar, the judge determined that an

easement by necessity had not been proven. In an action at law tried without a jury, the judge's finding of fact will not be disturbed unless there is no evidence to support the judge's finding. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). As noted in the trial court's order, the evidence reveals the existence of an alleyway which can serve as an alternate means of ingress and egress to appellant's property. This alleyway is described in appellant's deed and shown on the county tax map. There is testimony in the record that appellant has used this alleyway to walk to and from his property and to bring his boat to the pond which adjoins his property. We cannot say that there is no evidence to support the judge's finding. The trial court's order is

Affirmed.

NESS, C. J., and FINNEY, J., concur.

GREGORY, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur in a separate opinion.

GREGORY, Justice, concurring in result:

I disagree with the majority's holding that this case is reviewable as an action at law. As stated in the majority opinion, an action to establish an easement may be either legal or equitable depending upon the relief sought in the complaint. *See Gore v. Skipper, supra.* The cases cited to support the majority's holding involve questions of title. As noted in the majority opinion, title is not at issue in this case. Here the complaint sought to enjoin the impediment to appellant's use of an asserted easement by necessity. In my view, this is clearly an equitable action. Under our scope of review in an equity action, I reach the same result as the majority.

LITTLEJOHN, Acting J., concurs.