CROSLAND v. ROGERS.

1. A right to discharge water by ditch on a servient tenement may be claimed by express grant, by prescription, or by express or implied reservation in the conveyance of the land over which the right is claimed; but to raise an implied reservation of such an easement in favor of the grantor of the alleged servient tenement, the necessity of it to the dominant tenement retained by the grantor, must be imperious.

2. In action by the owner of an upper tract of land to recover damages for the obstruction of a ditch across an adjoining lower tract sold off by plaintiff to defendant, a non-suit was properly ordered, there being no evidence of an express grant, or of an adverse use against others for more than twenty years, or that the ditch, as used before division of the land by the owner, was a necessity to the upper unsold tract, and that its waters could find vent only through this ditch across the lower lands conveyed away to the defendant.

Before WALLACE, J., Marlborough, September, 1889.

Action by Charles Crosland against William Rogers, commenced in April, 1889. The opinion states the case.

*Messrs. Townsend & McLaurin,* for appellant.

*Mr. Knox Livingston,* contra.

February 21, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This is a contest over an easement claimed by the plaintiff, appellant, and denied by the defendant, respondent. The facts are as follows: One Daniel M. Crosland owned certain lands, situate in Marlboro County, up to 1844 or 1846, when said lands were conveyed to Dr. William Crosland, who held until 1856, when, in a partition of his estate, said lands were allotted to the plaintiff, who held until 1875, when he conveyed to one Troop Crosland a portion of said land, to wit, the portion now held by the defendant, Rogers, &c. It is alleged that during all this time, a certain ditch, commencing at a certain point on the premises and running into another ditch, was used immemorially to vent the water at that point from the lands into a creek near by, and that when the portion mentioned above as being sold to Troop Crosland, and which went into the possession of defendant Rogers in 1875, was sold, a part of this ditch was on said portion. Rogers obstructed this ditch, and the action below was brought, alleging a nuisance, and praying its abatement and damages of one hundred dollars. The complaint alleges two causes of action : First, that the ditch in question was used to vent the waters off plaintiff's land, being the natural course for the water to be carried away; and, second, that the plaintiff and those under whom he claimed had immemorially used the ditch for the purpose above.

At the trial, upon the close of the plaintiff's testimony, his honor, Judge Wallace, who heard the case, ordered a non-suit on motion of defendant's attorney, and the appeal brings up the question of the correctness of this order. The argument of counsel on both sides here was directed principally to the doctrine of easements, and whether the case should have gone to the jury on that matter upon the evidence introduced. It is well settled in reference to non-suits, that the court may order a non-suit in any case where there is an absence of all testimony as to any, or as to all, contested issues or facts material to the cause. In fact, in such case it is the duty of the trial judge to order a non-suit on motion thereto made.

Now, what was the issue here? It was whether the plaintiff was entitled to an easement in the ditch over the lands of the

defendant, and whether this easement had been obstructed. This
brings up the question, primarily, what facts will constitute an
easement, or, rather, upon what facts will an easement come into
existence; and, secondly, whether there was any testimony rele-
vant to this point.    As to an easement of the character claimed
here, it will be sufficient for us to say, that such an easement may
come into existence in one of three ways, to wit, either by express
grant, by adverse use for twenty years, which is prescription and
presumes a grant, or where the claimant has been in possession
of both the dominant and the alleged servient tenement, and while
in this possession he creates the easement, or what would have
been an easement had it been over another's land, and he after-
wards sells a portion of the land over which the alleged easement
runs, reserving the easement either expressly or under circum-
stances which implied a reservation.    Where the testimony shows
either one of these cases, an easement may be regarded as estab-
lished.    And where either one of these classes of easements is
claimed in a complaint, and there is testimony relevant to the
issue as claimed—that is, tending to show the truth of the facts
upon which the easement is claimed—the case should go to the
jury; otherwise, in the absence of testimony as to the one or
more of these facts, a non-suit should be ordered.

  Now, there is no pretence here that this easement was founded
upon an express grant, nor was there any testimony offered in
that direction: that class may, therefore, be dismissed without
further comment.    The plaintiff seems to base his claim upon pre-
scription, adverse use, though the allegations for that purpose are
not distinct nor entirely appropriate.    We suppose, however, that
this was intended, where he alleges that he and those under whom
he claims had immemorially used the ditch in question; yet there
was no testimony, not a particle, that he or those under whom he
claimed had thus used it adversely to the rights of the defendant,
or of any one else.    On the contrary, the evidence was that it
had been used, if used at all, by those who had owned the entire
premises, before the sale of any portion, and used, when the par-
ties had the right to use it, over their own property.    It would
be a misnomer to call this an easement.    So that, in so far as this
claim of easement is based upon prescription, there was an absence

of all relevant testimony as to the facts necessary to constitute such an easement, and his honor was correct in non-suiting the plaintiff as to a claim based upon that foundation.

Now, it is doubtful whether the plaintiff had the right to offer testimony as to the last class of easements mentioned above, inasmuch as there are no allegations in the complaint of facts upon which such an easement could be claimed. It is not alleged that the plaintiff, in his conveyance of the land to Rogers or the party under whom he claims, reserved the use of this ditch as a burden upon said land. Nor is it alleged that a certain state of facts existed in reference thereto which would imply a reservation, and which in law would make the land of Rogers a servient tenement to his land as a dominant one in the matter of the said ditch.

But passing this by, was there any testimony introduced as to the facts necessary to imply an easement reserved in such a case? What facts are necessary? To this end, Mr. Washburne, in his work on Easements, in section 111., discusses this matter fully, referring to many cases decided in the English courts, as well as in the different States, and while there is a want of uniformity in these decisions, we think the better doctrine seems to be, that in order to establish an easement by an implied reservation, where there has been a unity of possession and a subsequent sale of a portion of the land over which the easement is claimed, that said easement must have been apparent, continuous, and necessary at the time of said sale, the term "necessary" meaning that there could be no other reasonable mode of enjoying the dominant tenement without this easement. And it seems to be less difficult for the grantee of the portion sold to establish the easement than the grantor, for the reason that the grantor ought not to be allowed to derogate from his absolute deed by claiming rights and burdens over the land sold, in the face of his covenants of warranty, even though said burden might have been apparent and continuous at the time. There should be an element of absolute necessity in such cases. See *Washburn on Easements*, page 60 *et seq.* See, also, our own cases of *Ferguson* v. *Witsell*, 5 Rich., 284, and *Elliott* v. *Rhett*, 5 *Id.*, 413, as to the element of necessity. In those cases the question was whether the easement claimed had passed to the grantee.

Now, was there any testimony in this case sufficient to go to the jury on the question, whether this ditch was apparent, continuous, and necessary at the time that plaintiff sold the land now claimed to be burdened with it in favor of plaintiff's land? There is a mass of testimony reported, much of it having no reference whatever to the vital points of the case, which we have had to examine fully, there being no reference in the argument of counsel by proper folio to such portion as might be applicable to this question; and while we find that one or two of the witnesses did state that this ditch had been in existence, and, in general terms, that it was necessary, yet no witness states, or, if so, we have overlooked it, that the necessity was imperious, nor do they give any facts from which it might be inferred, or tending to prove, that there was no other way in which the water at that point might find vent. What they state is more in the nature of opinion than giving facts. Indeed, the testimony on these material facts was so vague and general, that we think the Circuit Judge might well have concluded, as he did, that there was such an absence thereof as to require a non-suit.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.