597 S.E.2d 161

Caroline BOYD and The Caroline Collection, Inc., Appellants,

v.

BELLSOUTH TELEPHONE TELEGRAPH COMPANY,
INC., aka BellSouth Telecommunications, Inc., now
known as BellSouth, Respondent.

No. 3776.

Court of Appeals of South Carolina.

Heard Nov. 5, 2003.
Decided April 12, 2004.
Rehearing Denied June 25, 2004.

J.D. Mosteller, III, of Barnwell and Stephen A. Spitz, of Columbia, for Appellants.

Richard B. Ness, of Bamberg, for Respondent.

HOWARD, J.:

Caroline Boyd, on behalf of herself and her antique business, The Caroline Collection, Inc., sued BellSouth Telephone Telegraph Company, Inc., a/k/a BellSouth Telecommunications, Inc., now known as BellSouth ("BellSouth"), seeking to establish an easement over BellSouth's property. Specifically, Boyd alleged she possessed an easement by necessity, pre-existing use, or estoppel. The special referee granted summary judgment to BellSouth, concluding no easement arose under any view of the facts. Boyd appeals, arguing factual issues precluded summary judgment as to each cause of action. We affirm in part, reverse in part, and remand.

## FACTUAL/PROCEDURAL BACKGROUND

The two properties involved in this litigation are located in the City of Denmark, South Carolina. At one time, BellSouth owned both properties under its predecessor name, AT & T. As one parcel, the property was bounded on three sides by public streets.

In 1923, AT & T built a three-story building to house offices and switching equipment on the front portion of the lot. Thereafter, BellSouth constructed a concrete driveway running from the street at the back of the property to double-doors at the back of the building. These rear doors lead to the basement of the building.

In 1988, BellSouth severed the front lot, selling it to the City of Denmark. The City continued using the driveway to access the rear of the building. Approximately three years after the original severance, the City sold the lot and building to Boyd's husband, who in turn transferred it to Boyd to use as a retail antique store. According to Boyd's husband, driveway access was a consideration in the decision to purchase the property. Boyd asserts her husband was acting on behalf of both himself and Boyd in the purchase of the building, in a joint venture, to open the antique business.

Following the purchase, BellSouth gave Boyd access to the driveway by allowing her to have a lock and key to the gate located at the street fronting on BellSouth's property. Boyd used this driveway to accept deliveries from tractor-trailers carrying large furniture, such as pianos, which she placed in the basement level of the antique store. However, after the terrorist attack on the United States on September 11, 2001, BellSouth increased the security to its property, notifying Boyd it intended to place a fence along her back property line separating Boyd's property from BellSouth's property, thereby cutting off access to the driveway.

In response, Boyd sued BellSouth, arguing the court should grant her continued use of the driveway by virtue of an easement by necessity and an easement by pre-existing use. Furthermore, Boyd claimed BellSouth made representations to her husband at the time he purchased the property, estopping BellSouth from claiming no easement existed. The case was referred to a special referee.

BellSouth moved for summary judgment on all of Boyd's causes of action. The special referee concluded no questions of fact existed and granted summary judgment. Boyd appeals.

## STANDARD OF REVIEW

To obtain summary judgment, the moving party must demonstrate there is "no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Rule 56, SCRCP. In deciding whether to grant summary judgment, trial courts must construe all ambiguities, conclusions, and inferences arising from the evidence against the

moving party. *Id.* Alternatively stated, "if the pleadings and evidentiary matter in support of summary judgment do not establish the absence of a genuine issue of material fact, summary judgment must be denied. . . ." *Baird v. Charleston County,* 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999). Furthermore, "[a]n appellate court reviews the granting of summary judgment under the same standard applied by the trial court." *Wells v. City of Lynchburg,* 331 S.C. 296, 301, 501 S.E.2d 746, 749 (Ct.App.1998)

## LAW/ANALYSIS

### I. Easement By Necessity

■ Boyd argues the special referee erred by granting summary judgment on her claim for easement by necessity. We disagree.

■ A party claiming to be benefited by an easement by necessity must demonstrate the existence of the following three elements: 1) unity of title; 2) severance of the title; and 3) necessity of the easement. *Morrow v. Dyches,* 328 S.C. 522, 529, 492 S.E.2d 420, 424 (Ct.App.1997).

■ The third element, that of necessity, requires a showing of more than convenience. *Morrow,* 328 S.C. at 529, 492 S.E.2d at 424. The doctrine of easement by necessity is based upon the presumption that the grantor intended the grantee of a landlocked parcel to have access to his property, a right recognized as essential to the enjoyment of the land. *Id.* Thus, "[this] doctrine only provides reasonable access to the dominant estate when there is none; it does not provide a means for ensuring a preferred method of access to a particular portion of a tract when access to the tract is otherwise available." *Id.*

Public streets border Boyd's property. Therefore, we agree with the conclusion of the special referee that no easement by necessity arises under the facts of this case. Rather, under any view of the evidence, Boyd has reasonable access to her property. Accordingly, we hold the special referee properly granted summary judgment.

## II. Implied Easement by Pre-existing Use

Boyd argues the special referee erred by granting summary judgment on her claim for an implied easement by pre-existing use. We agree.

An easement by pre-existing use exists where: 1) the dominant and servient tracts of land originated from a common grantor; 2) the use was in existence at the time the original grantor severed the tracts; and 3) the use was apparent, continuous, and necessary for enjoyment of the dominant tract. *Crosland v. Rogers,* 32 S.C. 130, 133, 10 S.E. 874, 875 (1890); *see Slater v. Price,* 96 S.C. 245, 255–56, 80 S.E. 372, 374 (1913) (holding the trial court did not err by charging the jury on the law of easement by pre-existing use); 25 Am.Jur.2d *Easements and Licenses* § 27 (1996) ("Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of the estate in favor of another part, which servitude is in use at the time of severance and is necessary for the reasonable enjoyment of the other part, on a severance of the ownership a grant of the right to continue such use arises by implication of law."); *Russakoff v. Scruggs,* 241 Va. 135, 400 S.E.2d 529, 532 (1991) (holding to establish an easement by pre-existing use, one must demonstrate: "(1) the dominant and servient tracts originated from a common grantor, (2) the use was in existence at the time of the severance, and that (3) the use is apparent, continuous, and reasonably necessary for the enjoyment of the dominant tract."); *Ryerson Tower, Inc. v. St. James Towers, Inc.,* 131 A.D.2d 744, 517 N.Y.S.2d 48, 49 (N.Y.App.Div.1987) ("An implied easement arises when two adjacent parcels of land were previously held in common title and an intent can be ascertained from the circumstances surrounding the lands previous use and the conveyance that the holder of one parcel is to have a right to pass through the other parcel, or to make some other such limited use of it."); *Underwood v. Shepard,* 521 So.2d 1314, 1316 (Ala.1988) (holding an easement by pre-existing use exists, where the following are demonstrated: 1) unity of ownership; and 2) a use during that ownership that was open, visible, continuous, and reasonably necessary to the estate granted); *see also* Charles C. Marvel, Annotation, *What Constitutes Unity of Title or Ownership Sufficient for Creation of an Easement by Impli-*

*cation or Way of Necessity,* 94 A.L.R.3d 502 (1979) ("[W]here, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude is in use at the time of severance and is necessary for the reasonable enjoyment of the severed part, a grant or reservation of the right to continue such use arises by implication of law.").

The term necessary in the context means, "there could be no other reasonable mode of enjoying the dominant tenement without this easement. . . ." *Crosland,* 32 S.C. at 133, 10 S.E. at 875.

In a light most favorable to Boyd, the evidence within the record indicates BellSouth was the common owner of the two properties. Furthermore, prior to the severance, Bell-South used Boyd's building as a commercial building, and the driveway in question was used to access the rear doors of the building. The use was present at the time of severance and apparent and continuous during the period of common ownership. Thus, the only remaining inquiry is whether evidence exists within the record indicating use of the driveway to access the rear doors was necessary for the enjoyment of Boyds property, the dominant tract. *Id.*

According to the affidavits and testimony presented by Boyd, the building in question only has two entrances—the front entrance and the rear doors. The evidence indicates that at the time BellSouth owned the property, the front entrance was unsuitable for loading and unloading the type of equipment owned by BellSouth. The evidence also indicates the driveway provided the only means of access to the rear doors, and the driveway was used to access the rear doors for a period of at least fifty years.

Furthermore, the evidence indicates for the brief period the City owned the building, they used the rear doors as loading doors. Additionally, at the present time, the loading doors are the only reasonable means of access for moving large items in and out of the building.

Viewing this evidence in a light most favorable to Boyd, we conclude a factual issue exists as to whether BellSouth's driveway is reasonably necessary for the enjoyment of Boyd's

property. Thus, we hold the special referee erred by granting summary judgment on this issue.

### III.  Estoppel

Boyd argues the special referee erred by granting summary judgment against her claim for easement by estoppel. We agree.

■ "The doctrine of estoppel applies if a person, by his actions, conduct, words or silence which amounts to a representation, or a concealment of material facts causes another to alter his position to his prejudice or injury." *Hubbard v. Beverly*, 197 S.C. 476, 480, 15 S.E.2d 740, 741 (1941); *see also Ott v. Ott*, 182 S.C. 135, 140, 188 S.E. 789, 792 (1936) ("The final element of an equitable estoppel is that the person claiming it must have been misled into such action that he will suffer injury if the estoppel is not declared. That is, the person setting up the estoppel must have been induced to alter his position, in such a way that he will be injured if the other person is not held to the representation or attitude on which the estoppel is predicated.").

■ In a light most favorable to Boyd, the evidence within the record indicates that when Boyd's husband was negotiating the purchase of the front lot, he negotiated with BellSouth to purchase the rear lot, but thought BellSouth's price of forty thousand dollars was too high. He countered at thirty-five thousand dollars, whereupon a BellSouth agent explained that he did not need the property because he had access through the driveway to the rear of the building located on the front lot. According to Boyd's husband, the agent supplied him with a "plot plan," showing the driveway running through the BellSouth property to the building. Relying on these representations, the Boyds, acting as joint venturers, purchased the front lot to open an antique business.

We conclude this evidence is sufficient to establish a claim for estoppel. Thus, we hold the special referee erred by granting summary judgment.

### CONCLUSION

For the foregoing reasons, the order of the special referee granting summary judgment on the cause of action to estab-

lish easement by necessity is affirmed. The grant of summary judgment on the causes of action to establish an easement implied by pre-existing use and by estoppel is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

HEARN, C.J., and KITTREDGE, J., concur.