633 S.E.2d 136

Caroline BOYD and The Caroline Collection, Inc., Respondents,

v.

BELLSOUTH TELEPHONE TELEGRAPH COMPANY, INC., a/k/a BellSouth Telecommunications, Inc., now known as BellSouth, Petitioner.

No. 26170.

Supreme Court of South Carolina.

Heard May 2, 2006.
Decided June 19, 2006.
Rehearing Denied July 20, 2006.

Richard B. Ness, of Ness, Jett & Tanner, LLC, of Bamberg, for Petitioner.

James D. Mosteller, III, of Barnwell; and Stephen A. Spitz, of Charleston, for Respondents.

Justice BURNETT:

Caroline Boyd filed a declaratory judgment action on behalf of herself and her wholly owned corporation, The Caroline Collection, Inc., (collectively referred to as "Boyd") against BellSouth Telephone Telegraph Company, Inc., a/k/a Bell-South Telecommunications, Inc., now known as BellSouth (BellSouth). Boyd sought an easement across BellSouth's property. The special referee granted BellSouth's motion for summary judgment. The Court of Appeals affirmed in part, reversed in part, and remanded. *Boyd v. BellSouth Tel. Telegraph Co.*, 359 S.C. 209, 597 S.E.2d 161 (Ct.App.2004). We affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1923, BellSouth's predecessor, AT & T, completed construction of a three-story building on its property in Denmark, South Carolina. BellSouth's original lot was bordered on the north by Otis Street (formerly Hammond Street), on the west by Carolina Highway (formerly Palmetto Avenue), and on the east by Beech Avenue. At some point during BellSouth's ownership, a driveway was constructed which ran from the rear of the building to Beech Avenue. A gate was erected at the end of the driveway on Beech Avenue.

In 1988, BellSouth severed the lot into two parcels and sold the western parcel with the building to the City of Denmark (Denmark). Denmark's parcel was bordered by Otis Street and Carolina Highway. In 1991, Denmark sold its parcel to John Boyd, who later conveyed the parcel to his wife, Caroline Boyd. Boyd used the building as an antique store.

Denmark and Boyd used BellSouth's gate and driveway to access the rear entrance of the building. After September 11, 2001, BellSouth decided to construct a fence between the two parcels for security reasons. This fence would prohibit Boyd from using BellSouth's existing gate and driveway to access the rear entrance of the building.

Boyd then brought this declaratory judgment action contending she had an easement implied by prior use,[1] implied by necessity, or by equitable estoppel over BellSouth's parcel. The special referee granted BellSouth's motion for summary judgment on all claims.

Boyd appealed. The Court of Appeals affirmed the special referee's grant of summary judgment for BellSouth on the easement by necessity claim and reversed the grant of summary judgment for BellSouth on the claims for an easement implied by prior use and by equitable estoppel. *Id.* at 213–17, 597 S.E.2d at 163–65.

We granted BellSouth's petition for writ of certiorari to review the Court of Appeals' decision concerning the easement implied by prior use and equitable estoppel.

---

1. Easements implied by prior use are also referred to as easements implied by preexisting use. *See* 25 Am.Jur.2d *Easements and Licenses* §§ 22–29 (2004).

## ISSUES

I. Did the Court of Appeals err in reversing the special referee's grant of summary judgment for BellSouth on the easement implied by prior use claim?

II. Did the Court of Appeals err in reversing the special referee's grant of summary judgment for BellSouth on the easement by equitable estoppel claim?

## STANDARD OF REVIEW

In reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP. Under Rule 56, SCRCP, a party is entitled to a judgment as a matter of law if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Fleming v. Rose,* 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002); *Conner v. City of Forest Acres,* 348 S.C. 454, 462, 560 S.E.2d 606, 610 (2002).

## LAW AND ANALYSIS

### I. Easement Implied by Prior Use

BellSouth argues the Court of Appeals erred in reversing the grant of summary judgment on the easement implied by prior use claim because South Carolina does not recognize this type of easement. If early case law recognized the claim, then BellSouth contends it has only been recognized in the context of water drainage easements and has been subsumed by the development of easements by necessity and by prescription. Further, if an easement implied by prior use is currently recognized, then the Court of Appeals erred in finding a genuine issue of material fact existed as to the necessity element.

The special referee recognized a claim for easement implied by prior use, but found Boyd did not produce any evidence BellSouth intended to create an easement at the time of

severance. He also found Boyd did not meet the element of necessity. Based on those findings, the special referee granted summary judgment for BellSouth.

The Court of Appeals held an easement implied by prior use exists when: (1) the dominant and servient tracts of land originated from a common owner; (2) the use was in existence at the time the original grantor severed the tracts; and (3) the use was apparent, continuous, and necessary for enjoyment of the dominant tract. *Boyd,* 359 S.C. at 214, 597 S.E.2d at 164 (citing *Crosland v. Rogers,* 32 S.C. 130, 133, 10 S.E. 874, 875 (1890) and *Slater v. Price,* 96 S.C. 245, 255–56, 80 S.E. 372, 374 (1913)). Further, the evidence showed BellSouth was the common owner of both parcels and continuously used the apparent driveway during the time of common ownership. The Court of Appeals concluded a factual issue existed as to whether the driveway is reasonably necessary for the enjoyment of Boyd's property and remanded the case. *Boyd,* 359 S.C. at 215–16, 597 S.E.2d at 164–65.

### A. Recognition of Claim

While other authorities plainly identify easements by prior use, necessity, and prescription as three types of easements, South Carolina case law has not clearly distinguished between these types of easements. *See* 25 Am.Jur.2d *Easements and Licenses* 22, 30, 39 (generally describing easements by prior use, necessity, and prescription). Moreover, although easements by implication have been recognized in South Carolina, an easement implied by prior use has never been explicitly recognized.

The intent of the parties, as shown by all the facts and circumstances under which a conveyance was made, may give rise to an easement by implication. *Hamilton v. CCM, Inc.,* 274 S.C. 152, 158, 263 S.E.2d 378, 381 (1980). Whatever easements are created by implication must be determined as of the time of the severance of the ownership of the tracts involved. *Clemson Univ. v. First Provident Corp.,* 260 S.C. 640, 652, 197 S.E.2d 914, 920 (1973). Easements may be implied by necessity, by prior use, from map or boundary references, or from a general plan. 25 Am.Jur.2d *Easements and Licenses* 20–22, 30 (describing the different types of implied easements); Restatement (Third) Property: Servi-

tudes §§ 2.11–.15 (2000 & Supp.2006) (same); *see, e.g., Carolina Land Co. v. Bland,* 265 S.C. 98, 217 S.E.2d 16 (1975) (when a grantor lays out a tract of land in streets and lots on a plat and sells those lots by deeds referring to the plat, normally the legal effect is the creation and conveyance of implied easements in the streets to the grantees); *McAllister v. Smiley,* 301 S.C. 10, 389 S.E.2d 857 (1990) (easement implied where the deed described the tract of land as bounded by a street and the deed referred to the plat on which the street was indicated but the deed did not mention an easement); *Brasington v. Williams,* 143 S.C. 223, 141 S.E. 375 (1927) (easement implied by necessity where the grantee was without an express easement or right of way to a public highway); *see generally Brasington,* 143 S.C. at 245, 141 S.E. at 382 ("There seems to have been nine methods recognized under the common law for the creation of an easement, namely, by grant, estoppel, way of a necessity, implication, dedication, prescription, ancient window doctrine, reservation, or condemnation.") (citing *Davis v. Robinson,* 189 N.C. 589, 127 S.E. 697 (1925)).

██ The party asserting the right to an easement implied by prior use must establish the following: (1) unity of title; (2) severance of title; (2) the prior use was in existence at the time of unity of title; (3) the prior use was not merely temporary or casual; (4) the prior use was apparent or known to the parties; (5) the prior use was necessary in that there could be no other reasonable mode of enjoying the dominant tenement without the prior use; and (6) the common grantor indicated an intent to continue the prior use after severance of title. *See Elliott v. Rhett,* 39 S.C.L. (5 Rich.) 405 (1852) ("Apart from all considerations of time, there is implied, upon the severance of a heritage, a grant of all those continuous and apparent easements, which have in fact been used by the owner during the unity, though they have had no legal existence as easements. . . ."); [2] *Crosland,* 32 S.C. at 133, 10 S.E. at 875 (implicitly recognizing an easement implied by prior use "where there has been a unity of possession and a subsequent

---

2. This quote exemplifies how the language used to describe easements implied by prior use and by necessity blurred the distinctions between the two types of easements. In *Brasington,* the plaintiff sought to establish an easement by necessity or by prescription. The Court

sale of a portion of the land over which the easement is claimed, that said easement must have been apparent, continuous, and necessary at the time of said sale, the term 'necessary' meaning that there could be no other reasonable mode of enjoying the dominant tenement without this easement"); [3] *see also Merrimon v. McCain*, 201 S.C. 76, 82, 21 S.E.2d 404, 407 (1942), *overruled on other grounds by Jowers v. Hornsby*, 292 S.C. 549, 551–52, 357 S.E.2d 710, 711 (1987) (plaintiff sought an easement based on three grounds: (1) the easement was visible, apparent, and appurtenant to the property, (2) the easement was implied by necessity, and (3) easement by prescription).[4]

■ The party asserting the right of an easement by necessity must demonstrate: (1) unity of title, (2) severance of title,

---

addressed only those two types of easements, but relied on and quoted *Elliott* in which the Court had implicitly recognized an easement implied by prior use. *Brasington*, 143 S.C. at 240, 141 S.E. at 380.

3. In *Crosland*, 32 S.C. at 132, 10 S.E. at 874, the Court further explained an implied easement may arise:

when the claimant has been in possession of both the dominant and the alleged servient tenement, and while in this possession he creates the easement, or what would have been an easement had it been over another's land, and he afterwards sells a portion of the land over which the alleged easement runs, reserving the easement either expressly or under circumstances which implied a reservation.

4. *See generally* 25 Am.Jur.2d *Easements and Licenses* § 22 ("[A]n easement implied from prior use is created when the servient and dominant estates were once under common ownership, the rights alleged were exercised prior to the severance of the estate, the use was not merely temporary, the continuation of this use was reasonably necessary to the enjoyment of the parcel, and a contrary intention is neither expressed nor implied."); Restatement (Third) of Property: Servitudes § 2.12 (2000) ("Unless a contrary intent is express or implied, the circumstances that prior to a conveyance severing the ownership of land into two or more parts, a use was made of one part for the benefit of another, implies that [an easement] was created to continue the prior use if, at the time of the severance, the parties had reasonable grounds to expect that the conveyance would not terminate the right to continue the prior use."); 28A C.J.S. *Easements* § 63 (1996) (Elements of an easement implied by prior use include: (1) unity of ownership and a subsequent severance of ownership, (2) the prior use must be permanent, apparent, and continuous at the time of severance, and (3) the use must be necessary after severance of title to benefit the dominant estate.); 3 Tiffany Real Property *Easements* § 781 (Supp.2006) ("The requirements of an easement by [prior use] are: (1) title shall have been

and (3) necessity. *Kennedy v. Bedenbaugh*, 352 S.C. 56, 60, 572 S.E.2d 452, 454 (2002).

To establish a prescriptive easement, the party asserting the right must show: (1) continued use for 20 years, (2) the identity of the thing enjoyed, and (3) use which is either adverse or under a claim of right. *Horry County v. Laychur*, 315 S.C. 364, 367, 434 S.E.2d 259, 261 (1993); *Shia v. Pendergrass*, 222 S.C. 342, 351, 72 S.E.2d 699, 703 (1952). When the claimant has established that the use was open, notorious, continuous, and uninterrupted, the use will be presumed to have been adverse. *Poole v. Edwards*, 197 S.C. 280, 283, 15 S.E.2d 349, 350 (1941).

■ A prescriptive easement is not implied by law but is established by the conduct of the dominant tenement owner;

---

separated between two tracts, one dominant and one servient; (2) before the separation took place, the use which gave rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained."); *Davis v. Peacock*, 133 Idaho 637, 991 P.2d 362, 367 (1999) ("[T]he party asserting the easement must prove three elements: (1) unity of title or ownership and a subsequent separation by grant of the dominant estate; (2) apparent continuous use long enough before separation of the dominant estate to show that the use was intended to be permanent; and (3) the easement must be reasonably necessary to the proper enjoyment of the dominant estate."); *Brown v. Haley*, 233 Va. 210, 355 S.E.2d 563, 569 (1987) ("When a landowner conveys a portion of his land, he impliedly conveys an easement for any use that is continuous, apparent, reasonably necessary for the enjoyment of the property conveyed, and in existence at the time of the conveyance."); *Knott v. Washington Hous. Auth.*, 70 N.C.App. 95, 318 S.E.2d 861, 863 (1984) ("An easement implied from prior use is generally established by proof: (1) that there was common ownership of the dominant and servient parcels and a transfer which separates that ownership; (2) that, before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was apparent, continuous and permanent; and (3) that the claimed easement is 'necessary' to the use and enjoyment of the claimant's land."); *Rinderer v. Keeven*, 90 Ill. App.3d 34, 45 Ill.Dec. 433, 412 N.E.2d 1015, 1025 (1980) ("For an easement to arise by implication three conditions must be satisfied: (1) the dominant and servient estates must have been owned by a common grantor prior to severance of title; (2) the use prior to severance of title must have been apparent, obvious, continuous and manifestly permanent; (3) the easement must be essential to the beneficial enjoyment of the dominant estate.").

however, easements by prior use and by necessity are implied by law. *Clemson Univ.,* 260 S.C. at 652, 197 S.E.2d at 919; 12 S.C. Jur. *Easements* 10; 25 Am.Jur.2d *Easements and Licenses* 22, 30. An easement by necessity does not require a preexisting use during unity of title; whereas an easement by prior use does impose this requirement. 25 Am.Jur.2d *Easements and Licenses* § 32; 28A C.J.S. *Easements* § 92. An easement implied by prior use will not be extinguished if the easement is no longer necessary, but an easement by necessity will be extinguished once the necessity ends. 25 Am.Jur.2d *Easements and Licenses* §§ 29, 35.

■ Easements by prescription, implied by prior use, and implied by necessity have different elements and are applicable to different factual scenarios; thus, an easement implied by prior use has not been subsumed by other types of easements. Regardless of whether an easement implied by prior use was originally recognized in a water drainage situation, this does not prevent its application in other circumstances.

## B. Summary Judgment

If an easement implied by prior use is recognized, BellSouth contends the Court of Appeals erred in finding a genuine issue of material fact existed as to the necessity element of easement implied by prior use because the court simultaneously found Boyd did not meet the necessity element of easement by necessity.

■ The necessity required for easement by necessity must be actual, real, and reasonable as distinguished from convenient, but need not be absolute and irresistible. *Jowers,* 292 S.C. at 550–51, 357 S.E.2d at 711 (citing *Steele v. Williams,* 204 S.C. 124, 28 S.E.2d 644 (1944); *Merrimon,* 201 S.C. at 76, 21 S.E.2d at 404; *Lawton v. Rivers,* 13 S.C.L. (2 McCord) 445 (1823)). The necessity element of easement by necessity must exist at the time of the severance and the party claiming the right to an easement must not create the necessity when it would not otherwise exist. *Clemson Univ.,* 260 S.C. at 652, 197 S.E.2d at 920; *see also* 28A C.J.S. *Easements* 96 (necessity required for easement by necessity must exist at

the time of the severance and at the time of the exercise of the easement).

■ For an easement implied by prior use, necessity means "there could be no other reasonable mode of enjoying the dominant tenement without this easement...." *Crosland,* 32 S.C. at 133, 10 S.E. at 875; *see also* 25 Am.Jur.2d *Easements and Licenses* § 29 (necessity for easement implied by prior use generally means reasonable necessity which will contribute to enjoyment of the dominant estate); 28A C.J.S. *Easements* § 72 (implied grant of easement by prior use requires a reasonable degree of necessity for the enjoyment of the dominant estate; it need not be absolute but must be more than mere convenience). The necessity element of easement implied by prior use must be determined at the time of the severance. 25 Am.Jur.2d *Easements and Licenses* 29; 28A C.J.S. *Easements* 69; *see, e.g., Norken Corp. v. McGahan,* 823 P.2d 622 (Alaska 1991) (remanding case for determination of whether necessity element for easement implied by prior use met at the time of severance).

■ While the necessity elements for the two types of easements obviously are similar, the need required for an easement by prior use may be less than required for an easement by necessity. *See Russakoff v. Scruggs,* 241 Va. 135, 400 S.E.2d 529, 533 (1991) (easement implied by prior use "requires a showing of need which, by definition, may be less than that required for establishing an easement by necessity, but must be something more than simple convenience"); *Granite Props. Ltd. v. Manns,* 140 Ill.App.3d 561, 94 Ill.Dec. 353, 487 N.E.2d 1230 (1986) (a greater degree of necessity may be required for easement by necessity than for easement by prior use); 28A C.J.S. *Easements* 92 (same). This lesser showing of necessity may stem in part from an often unspoken realization on the part of the fact finder that a prior use indicates a need for a particular easement. *See* Michael V. Hernandez, *Restating Implied, Prescriptive, and Statutory Easements,* 40 Real Prop. Prob. & Tr. J. 75 (2005) ("The easement implied by prior use is based on the maxim ... whatever is necessary and related is appended....").

Viewed in the light most favorable to Boyd, the evidence indicates BellSouth at one time commonly owned the two

parcels at issue and used the driveway to access the rear entrance of the building. Upon severance of the two parcels, Boyd's parcel, then owned by Denmark, was bounded on two sides by public streets. The evidence indicates there are two entrances to Boyd's building. During the past 50 years, the rear entrance and loading docks have been generally accessible from Beech Avenue by using BellSouth's driveway and have been used to deliver large items to the basement of the building. There is evidence the front entrance does not provide access to the basement for the delivery of large items because the stairways and hallways are too narrow. The evidence also indicates an alternate driveway to the building would be infeasible, impractical, and very costly. Thus, there is a genuine issue of material fact that without this particular easement, there could be no other reasonable mode of enjoying the dominant tenement at the time of severance. *Crosland*, 32 S.C. at 133, 10 S.E. at 875.

## II. Easement by Equitable Estoppel

BellSouth argues the Court of Appeals erred by reversing the grant of summary judgment on the claim for easement by estoppel because Boyd failed to establish the elements of equitable estoppel. We agree.

The essential elements of equitable estoppel as related to the party estopped are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially. *S. Dev. Land and Golf Co. v. S.C. Pub. Serv. Auth.*, 311 S.C. 29, 33, 426 S.E.2d 748, 750 (1993); *see, e.g., O'Cain v. O'Cain*, 322 S.C. 551, 473 S.E.2d 460 (Ct.App.1996) (landowner was equitably estopped from denying adjoining landowner use of driveway).

 "A properly recorded title normally precludes an equitable estoppel against assertion of that title due to the requirement that the party raising the estoppel be ignorant of the true state of title or reasonable means of discovering it." *Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn,* 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct.App. 2001) (internal citation omitted). "One with knowledge of the truth or the means by which with reasonable diligence he could acquire knowledge cannot claim to have been misled." *S. Dev. Land and Golf Co.,* 311 S.C. at 34, 426 S.E.2d at 751.

 The special referee determined Boyd did not establish that she and her predecessors lacked knowledge because the chain of title revealed there was no such easement. Therefore, the special referee concluded Boyd and her predecessors could not have been misled by any representations BellSouth made regarding the use of the driveway and granted summary judgment for BellSouth.

Viewing the evidence in a light most favorable to Boyd, the Court of Appeals found the evidence indicated when Boyd's husband made the decision to purchase the property, he relied on a representation by BellSouth that he would have access to the driveway. The Court of Appeals also found Boyd's husband was acting as a joint venturer with her in the antique store during the negotiations and purchase, and concluded summary judgment was improperly granted. *Boyd,* 359 S.C. at 216, 597 S.E.2d at 165.

Viewing the evidence in the light most favorable to Boyd, Boyd assumed she would always have access to the rear of the building via BellSouth's driveway. The fact that there was not an easement allowing Boyd to cross BellSouth's property was a matter of public record, which Boyd and her predecessors in title had knowledge of or at least the means to obtain the knowledge. *Carolina Land Co.,* 265 S.C. at 107, 217 S.E.2d at 20 ("Law imputes to purchaser who proposes to acquire title to real estate notice of recitals contained in any properly recorded instrument in writing which forms link in chain of title to property proposed to be acquired."). Boyd failed to show the elements of estoppel and summary judgment was properly granted to BellSouth on this claim.

424

*CONCLUSION*

We affirm the Court of Appeals' reversal of the grant of summary judgment on the easement implied by prior use and remand for further proceedings consistent with this opinion. We reverse the Court of Appeals' reversal of the grant of summary judgment on the easement by equitable estoppel.

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.