**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cynthia Jacqueline Jackson Mills, Appellant,

v.

Janet Lynne Hudson, Henry Russell Jackson, and Mildred Jackson Hudson, Respondents.

Appellate Case No. 2015-002175

─────────────

Appeal From Berkeley County
Dale Van Slambrook, Master-in-Equity

─────────────

Unpublished Opinion No. 2018-UP-070
Submitted December 12, 2017 – Filed February 7, 2018

─────────────

**AFFIRMED**

─────────────

Mary Lee Hutson, of Charleston, for Appellant.

Patrick R. Watts, of Watts Law Firm, PA, of Summerville, for Respondents.

─────────────

**PER CURIAM:** Cynthia Jacqueline Jackson Mills appeals from the Master-in-Equity's order denying her request for an easement, arguing the Master erred in (1) determining an easement for ingress and egress was not "strictly necessary for enjoyment of the property retained"; (2) determining Mills' claim was barred by

sections 15-3-340 and/or 15-3-380 of the South Carolina Code (2005) because these code sections are inapplicable to an easement by necessity; (3) its ruling on Mills' alternate theory for the date of severance being the 2008 order and in the weight the Master gave to this portion of Mills' case; and (4) determining Mills' claim was barred by the doctrine of res judicata because the 2006 case was a declaratory judgment action. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the Master erred in determining an easement for ingress and egress was not "strictly necessary for enjoyment of the property retained": *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 418-19, 633 S.E.2d 136, 140-41 (2006) (noting to establish an easement by necessity, the party asserting the right must demonstrate (1) unity of title; (2) severance of title; and (3) necessity); *Morrow v. Dyches*, 328 S.C. 522, 529, 492 S.E.2d 420, 424 (Ct. App. 1997) (stating the doctrine of easement by necessity "presumes or implies that the grantor intended for the grantee of a landlocked parcel to have access [to his property], which is one of the rights essential to the enjoyment of land"); *Kennedy v. Bedenbaugh*, 352 S.C. 56, 60, 572 S.E.2d 452, 454 (2002) ("To establish unity of title, the owner of the dominant estate must show that his land and that of the owner of the servient estate once belonged to the same person."); *Proctor v. Steedley*, 398 S.C. 561, 578, 730 S.E.2d 357, 366 (Ct. App. 2012) ("Severance of title means that title to a larger tract was severed 'by conveyance of a part to the predecessor in title of the plaintiff and of a part to the predecessor in title to the defendant; they both claim, from a common source, different parts of the integral tract, which necessarily assumes a severance.'" (quoting *Brasington v. Williams*, 143 S.C. 223, 246, 141 S.E. 375, 382 (1927))); *id.* (holding the necessity required for an easement by necessity must be more than merely convenient, but it does not have to be absolutely essential); *Boyd*, 369 S.C. at 420, 633 S.E.2d at 141 (finding the necessity element must exist at the time of the severance, and the party claiming the right to an easement must not create the necessity when it would not otherwise exist); *Morrow*, 328 S.C. at 529, 492 S.E.2d at 424 ("The doctrine only provides reasonable access to the dominant estate when there is none; it does not provide a means for ensuring a preferred method of access to a particular portion of a tract when access to the tract is otherwise available.").

2.      As to Mills' remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.