**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

BCE 2015, LLC, Appellant,

v.

Yvonne C. Knight and Eleanor C. Brown, Respondents.

Appellate Case No. 2023-000405

———————————

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-In-Equity

———————————

Unpublished Opinion No. 2024-UP-420
Submitted December 5, 2024 – Filed December 18, 2024

———————————

**REVERSED**

———————————

Stephen Peterson Groves, Sr., of Butler Snow, LLP, of Charleston; and John Joseph Dodds, III, of John J. Dodds III LLC, of Mt. Pleasant, both for Appellant.

Henry Ronald Stanley, of Stanley Law Group, of Columbia, for Respondents.

———————————

**PER CURIAM:** BCE 2015, LLC (Appellant) appeals an order from the master-in-equity dismissing Appellant's action in which it sought a declaratory judgment confirming or establishing an easement to a dirt road across land owned by Yvonne C. Knight and Eleanor C. Brown (Respondents). On appeal, Appellant

argues the master erred by (1) finding it did not demonstrate it was entitled to an easement by necessity; (2) finding it did not demonstrate it was entitled to an implied easement by prior use; (3) finding it did not demonstrate it was entitled to a prescriptive easement; (4) denying the admission of after-discovered evidence; and (5) denying its post-trial motions pursuant to Rules 52(b) and 59(e) of the South Carolina Rules of Civil Procedure. We reverse pursuant to Rule 220(b), SCACR.

We hold the master erred in finding Appellant was not entitled to an easement by necessity. *See Williams v. Tamsberg*, 425 S.C. 249, 258, 821 S.E.2d 494, 499 (Ct. App. 2018) ("Determining whether an easement exists is a question of fact in a law action, and when tried by a judge without a jury, is subject to an 'any evidence' standard of review."); *Paine Gayle Props., LLC v. CSX Transp., Inc.*, 400 S.C. 568, 589, 735 S.E.2d 528, 539 (Ct. App. 2012) ("The elements of a claim for easement by necessity are: (1) unity of title, (2) severance of title, and (3) necessity."); *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 420, 633 S.E.2d 136, 141 (2006) ("The necessity element of easement by necessity must exist at the time of the severance[.]"). In 1882, the land was one parcel that was severed into separate lots. In 2015, Appellant purchased two lots that have no direct access to a public road and are bordered to the North, East, and South by Respondents' lots. There is, however, a dirt road that runs from South to North through Respondents' property that would provide Appellant with access to a public road. Although the master found Appellant presented "no evidence" that this dirt road was in use at the time of severance and that evidence of a plat of land to the west "by itself" was insufficient to establish Appellant's land was without any other means of ingress and egress, Appellant also presented records showing that in 1828 a road was in use at the approximate location of the dirt road and there were no alternative means to access the lots. Further, Appellant presented testimony demonstrating the dirt road had been in use for decades, indicating its use was likely necessary to reach the landlocked lots. Thus, Appellant has established that at the time the lots were severed, the dirt road was the only means of access to the newly landlocked lots, necessitating an easement. *See id.* ("The necessity required for easement by necessity must be actual, real, and reasonable as distinguished from convenient, but need not be absolute and irresistible."); *see generally Morrow v. Dyches*, 328 S.C. 522, 529, 492 S.E.2d 420, 424 (Ct. App. 1997) ("[T]he whole point of the easement by necessity doctrine is to ensure that landlocked parcels have access to a public road; thus, the doctrine presumes or implies that the grantor intended for the grantee of a landlocked parcel to have access, which is one of the rights essential to the enjoyment of land.").

Because we reverse as to the first issue, we need not address Appellant's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.